B. C. MAYO and others v. CALVIN JONES and another.

*Will--Devisavit Vel Non--Discretionary Power of Court as to Costs.*

It is within the discretionary power of a Court, before which an issue of *devisavit vel non* is tried, to direct the payment of the costs out of the estate.

APPEAL from an Order made at Spring Term, 1877, of EDGECOMBE Superior Court, before *Eure, J.*

The plaintiffs, propounders of the will of Mc. G. Jones, deceased, appealed from so much of the judgment as directs the costs of action to be paid by the administrator with the will annexed out of the assets of the testator's estate, upon the ground that the Court had no power to render such judgment.  (See preceding case).

Same counsel as in preceding case.

READE, J.   His Honor ordered the cost to be paid by the plaintiff executor out of the funds of the estate, although the plaintiff was successful in establishing the will which the defendant caveated.   In this we think His Honor was right.

The statute provides that the costs in all cases of caveated wills and testaments shall be paid as the Court may in its discretion direct.   Bat. Rev. ch. 119, § 26.

But it is insisted that that statute is virtually abrogated by C. C. P. § § 276 and 294.   § 276 provides that "costs shall be allowed of course to the plaintiff upon a recovery in the following cases."   And then the cases are enumerated.   But this is not one of them.   § 294 provided that "the costs in special proceedings shall be as herein allowed in civil actions, *unless where otherwise specially provided.*"   It is " otherwise specially provided" that costs in this case shall be at the discretion of the Court.

There is no error.

PER CURIAM.                    Judgment affirmed.