IN RE ACCOUNT OF J. W. WINSTON ET ALS., EXECUTORS OF OCTAVIA H. DUKE, DECEASED.

(Filed 18 October, 1916.)

**1. Wills—Costs—Court's Discretion—Appeal and Error.**

Where the will of the testator has been caveated and the will sustained, and it appears that the estate consisted of lands, the costs of the proceedings are not considered as debts owed by the decedent, under the general rule that residuary legatees are first to be paid; and the taxing

of such costs against the estate proportioned among the devisees is a matter within the discretion of the trial judge, which will not be disturbed on appeal. Revisal, sec. 1268.

**2. Wills—Caveat—Surveys—Costs—Executors and Administrators.**

Where certain land contiguous to the lands of other devisees are devised, without direction in the will for a survey or partition or for perfecting the title, the cost of survey and registration of deeds should be borne by the devisees of the lands, and it is not a proper charge against the estate to be paid by the executor.

PROCEEDING in the Superior Court of FRANKLIN for settlement of the final account of the above named executors. The cause came before *Bond, J.,* at chambers upon exceptions heard upon appeal from the clerk. From the judgment rendered, August Term, 1916, the executors of Mrs. Octavia H. Duke, J. W. Winston and J. W. Woodlief, and Joseph W. Winston individually, appealed.

*W. H. Ruffin, W. H. Yarborough, Ben. T. Holden for appellants.*
*T. T. Hicks for Harris heirs, appellees.*

BROWN, J. The items excepted to are:

First. To the rate of commissions allowed the executors.

Second. To the allowance of the expense of caveat to the will of J. W. Duke, aggregating $1,780.41.

Third. To the allowance of $108 for survey of Vance County Duke tract of land and cutting off parts of same as by the will of Mrs. O. H. Duke directed.

His Honor overruled the first exception, as to rate of commissions, to which there is no exception. He sustained the exception to the allowance of costs of caveat to will of J. W. Duke as against the estate of Mrs. O. H. Duke, and ordered the clerk to reform the account, find the values of the property of the estate of J. W. Duke, apportion the expense of caveat upon the same, and charge the same upon the estate of J. W. Duke in the hands of the devisees of Octavia Duke. The executors and J. W. Winston excepted. His Honor sustained the exception as to allowance of costs of survey of the Sam. L. Duke tract and ordered that the same be charged against J. W. Winston, devisee. The executors and J. W. Winston excepted and appealed.

J. W. Duke died in December, 1910, devising his entire estate to his wife, Octavia. He owned real estate and very little personal property. All of it went into the hands of his widow. A caveat was filed to his will by his heirs at law, his nephews and nieces. The cause was tried and the will sustained. The court adjudged that all the costs be paid

by the estate of J. W. Duke. These costs amount to $1,780.41. The decree of Judge Bond adjudges that these costs are a charge upon the estate of J. W. Duke. There is no evidence or finding of any personal property now in existence belonging to said estate. J. W. Duke died in 1910, devising all his property, real and personal, to his wife, Octavia, and what little personal estate he owned was received and doubtless consumed in its use by her.

We think his Honor properly held that said costs are a charge upon the different portions of the estate of J. W. Duke received by the different devisees of Octavia Duke.

The costs and expenses of the caveat proceeding are not in any legal sense a debt of J. W. Duke, and the general rule that residuary legacies are to be taken first for payment of debts and then general or pecuniary legacies has no application.

Upon the termination of an issue of *devisavit vel non,* raised by a caveat to a will, the trial judge has a discretion as to taxing costs. He may direct that all the costs be paid by the estate of the testator. Revisal, sec. 1268. *Mayo v. Jones,* 78 N. C., 406.

This expenditure was incident to the probate of the will in solemn form, and is in no sense a debt created by the testator. It was incurred for "salvage of the cargo," in which all were interested. Therefore, the judge correctly ruled that every part of the estate of J. W. Duke must bear its proper and proportionate part of these costs.

The third exception is to the allowance to the executors of $108.50 expended in surveying the land devised by Mrs. Octavia Duke to J. W. Winston and recording title deeds relating to said land.

The will of Mrs. Duke devises the Samuel L. Duke tract of land to Joseph W. Winston, viz.: "All the land contained in said tract except the strip of land between Henry Vaughan and the road and 4 acres adjoining the farm of Robert Vaughan."

There are also devises of contiguous lands to Henry and Robert Vaughan. There is no direction in the will for a survey for partition or for perfecting the title. It was the duty of the devisees to record the deeds and to have the survey made if desired at their own expense. No authority is given the executors to incur such expenditure on behalf of the estate.

Affirmed.