BARBARA DYER AND RONALD PERKINS, CAVEATORS v. STATE OF NORTH CAROLINA, PROPOUNDER

No. 905SC758

(Filed 2 April 1991)

**Wills § 25 (NCI3d)— award of attorney fees to caveators—error**
    Though caveators presented evidence that testatrix, their mother who left all her property to the State, was eccentric, they did not present substantial evidence that she did not know the kind, nature, and extent of her property; therefore, the evidence was insufficient to support a conclusion that the caveat proceeding had substantial merit, and the award of attorney fees to the caveators is reversed. N.C.G.S. § 6-21(2).

**Am Jur 2d, Wills §§ 81, 1094.**

APPEAL by Propounder from order entered 14 March 1990 in NEW HANOVER County Superior Court by *Judge David E. Reid, Jr.* Heard in the Court of Appeals 25 January 1991.

*Terry B. Richardson for caveator-appellees.*

*Lacy H. Thornburg, Attorney General, by T. Buie Costen, Special Deputy Attorney General, for the State.*

GREENE, Judge.

The State of North Carolina (Propounder) appeals from an order of the trial court awarding attorneys fees to Barbara Dyer and Ronald Perkins (Caveators).

On 29 November 1982, Jannie Lou Perkins Alston (Testatrix) executed a will devising all of her property to the State of North Carolina. She died on 21 November 1985. In March of 1986 the Caveators, the children of the Testatrix, filed a caveat proceeding seeking to annul the probate of the will. The caveat proceeding was heard in the superior court, and on 8 February 1990, a jury returned a verdict in favor of the Propounder of the will. The Caveators did not appeal the jury verdict. Rather, they moved the court pursuant to N.C.G.S. § 6-21(2) (1986) for an award of attorneys fees. The trial court awarded a fee to the Caveators in the amount of $3,500 and directed that the fee be paid from the estate of the Testatrix.

The issue presented is whether the caveat proceeding had substantial merit.

North Carolina Gen. Stat. § 6-21(2) provides that costs in a caveat proceeding "shall be taxed against either party, or apportioned among the parties, in the discretion of the court . . . ." This has been construed to allow the trial court to require the costs to be paid "out of the funds of the estate . . . ." *Mayo v. Jones*, 78 N.C. 406, 407 (1878). However, costs shall include attorneys fees "only if . . . [the trial court] finds that the [caveat] proceeding has substantial merit." N.C.G.S. § 6-21(2). Whether a caveat proceeding has substantial merit is a legal question reviewable by the appellate courts *de novo*. A caveat proceeding has substantial merit if there is substantial evidence to support the claim. " 'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Thompson v. Wake County Board of Ed.*, 292 N.C. 406, 414, 233 S.E.2d 538, 544 (1977) (citation omitted). Here, the Caveators claim that the Testatrix did not have the necessary testamentary capacity to execute her will. Therefore, to support an award of attorneys fees the Caveators must have presented "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" that the Testatrix lacked the necessary testamentary capacity at the time of the execution of the will.

"A person has sufficient testamentary capacity within the meaning of the law if he (1) comprehends the natural objects of his bounty; (2) he understands the kind, nature, and extent of his property; (3) he knows the manner in which he desires his act to take effect; and (4) he realizes the effect his act will have upon his estate. It is sufficient for the caveators to negative only one of these essential elements." *In re Womack*, 53 N.C. App. 221, 223, 280 S.E.2d 494, 496, *disc. rev. denied*, 304 N.C. 391, 285 S.E.2d 837 (1981). Here, the Caveators claim that the evidence sufficiently negates that the Testatrix "understood the kind, nature, and extent of her property." Specifically, they point to the following evidence: That the sole beneficiary was the State of North Carolina; that the Testatrix put salt around her house and Bibles in her doorway to fight off evil spirits; that she complained of hearing slamming doors and bells ringing when she was home alone; that she believed in witchcraft; and that she generally lived in isolation from other people. The Propounder points to the following evidence: That the lawyer who prepared the will testified that the Testatrix understood

the consequences of making a will; that she knew the natural objects of her bounty; that she knew that she had property and that she wanted to leave it to the State of North Carolina and not to her children; that her business affairs were in good shape at the time of her death, i.e., her bills and mortgages were current; and that she was examined by a psychiatrist in 1975 and found to be fully oriented with no psychotic behavior.

The Testatrix's behavior represents a deviation from accepted standards of conduct but there is no substantial evidence in this record to support a conclusion that she did not know the kind, nature, and extent of her property. "Eccentricity is not insanity . . . ." 1 N. Wiggins, Wills and Administration of Estates in North Carolina § 49 (2d ed. 1983). "Evidence of the testator's peculiarities, such as cooking cakes for the dogs at Christmas, having pets for companions at the dinner table, or living in filth, generally will not be held sufficient to invalidate the testator's will." *Id.*

Accordingly, the Caveators did not present substantial evidence to support a conclusion that the caveat proceeding had substantial merit, and the award of attorneys fees to the Caveators must be reversed.

Reversed.

Judges PARKER and COZORT concur.