GRANT GOODRICH *et al.*, plaintiffs in error, *vs.* ALONZO HUNT-INGTON, defendant in error.

### *Error to Cook.*

On the dismissal of a suit, the parties are out of Court, and all further proceedings are unauthorized, until the judgment of dismissal is vacated, and the cause reinstated.

The appearance of a defendant, on a subsequent day of the term, and obtaining leave to withdraw his plea, does not authorize the Court to enter judgment by *nil dicit.*

In order to sustain a judgment entered subsequent to the dismissal of the suit, the record should show that the order of dismissal had been vacated, or some act of the party clearly indicating that the cause should be heard and determined.

This was an action of covenant, brought in the Cook Circuit Court, at the April term, 1841. An *alias* summons was issued, returnable at the October term of that year, which was served upon two of the defendants, who appeared. The declaration contained eight counts, to each of which demurrers were filed. The cause remained without further proceedings, and was continued from term to term, until November term, 1845; on the seventh day of which term, the following order was entered : " Ordered by the Court, that this cause be dismissed, each party paying his own costs." Afterwards, on the 22d day of November, 1845, the defendants who had been served, came and withdrew their pleas; whereupon, a judgment was entered against them for $5,148 40, and costs. The plaintiffs in error complain of this judgment, and assign it for error.

B. S. MORRIS and J. C. CHAMPLIN, for plaintiffs in error.

J. M. WILSON, for defendant in error.

Opinion by TREAT, C. J.:

This was an action of covenant, brought by Huntington against Goodrich and others. Goodrich and Fullerton, only, were served with process. They pleaded several pleas. The record then shows this entry : " Ordered by the Court, that this cause be dismissed, each party paying his own costs." Some two weeks afterwards, but during the same term, an entry was made on the record, which, after reciting that, " this day comes the said plaintiff, in his own proper person, and the defendants, Alexander N. Fullerton and Grant Goodrich, who, alone, have been

served with process, by their attorney, also come, and withdraw the pleas filed therein," proceeded to enter a formal judgment, by *nil dicit*, against the defendants, for $ 5,198 40. The rendition of that judgment is assigned for error.

The record presents the strange anomaly of a judgment rendered in a proceeding which had previously been dismissed, without the order of dismissal having been set aside. On the dismissal of the suit, the parties were out of Court, and all further proceedings were unauthorized, until the judgment of dismissal was vacated, and the cause reinstated. It does not appear that this was done. The fact that the defendants appeared on a subsequent day of the term, and obtained leave to withdraw their pleas, conferred no authority on the Court to enter the judgment. It does not follow that the defendants treated the case as still pending and undisposed of, merely because they made this application. They may have had a very different object in view, in withdrawing the pleas from the files. In order to sustain a judgment entered subsequent to the dismissal of the suit, the record ought either to show that the order of dismissal was first set aside by the Court, or such acts of the parties, as clearly indicated a design on their part, that the cause should be heard and determined, without reference to the previous proceedings. This record will not justify either of such conclusions. It simply states an appearance in Court by the defendants, for the purpose of withdrawing certain papers from the files of the case ; but it fails to show that the Court had reinstated the cause, or that the parties had consented that it might be proceeded with, as if no order of dismissal had been entered. No reasonable intendment will sustain this judgment. If sustained, it must be done upon vague inferences as to what was the real state of the case.

The judgment of the Circuit Court will be reversed, with costs.

*Judgment reversed.*