McClellan *et al. v.* Binkley.

## No. 8361.

## McCLELLAN ET AL. *v.* BINKLEY.

PRACTICE.—*Courts.—Proceedings in Fieri.—Motion for New Trial.—Notice.*—The proceedings in a cause remain *in fieri* until the end of .the term at which the motion for a new trial, though filed after judgment, is ruled upon, and in the mean time the court may alter, amend or set aside its former ruling, orders and judgment, without special notice to the parties.

SAME.—*Mechanic's Lien.—Finding.—Judgment.—Collateral Attack.*—In an action upon an account and to foreclose a mechanic's lien, there was a general finding for the plaintiff on which a personal judgment only was entered against the defendant. After the rendition of the judgment and at the same term of court, the defendant filed a motion for a new trial, which, at the next term, was overruled, and at a later day in the term, on motion of the plaintiff, without notice to the defendant, the court set aside its former judgment and entered a like personal judgment and a decree foreclosing the alleged lien.

*Held,* that this action was within the power of the court, and not erroneous. The judgment of the circuit court can not be questioned collaterally on the ground that it goes beyond and is not according to the finding.

From the Marion Superior Court.

*G. H. Chapman, U. J. Hammond, N. R. Harrison, J. S. Tarkington* and *J. Buchanan,* for appellants.

*S. Claypool* and *W. A. Ketcham,* for appellee.

Woods, J.—Action by the appellee for the recovery from the appellants of certain real estate.

The court, at the request of one of the parties, stated its conclusions of law upon the facts specially found. It is not necessary, however, to give either a copy or synopsis of the finding. The single question presented and discussed is clearly stated, and, in our judgment, properly resolved, in the opinion of the Superior court, at general term. That opinion is as follows:

" On February 13th, 1877, an action was pending in this court wherein one Skinner was plaintiff, and one Buser was defendant. The action was to recover money due, and to foreclose a lien for certain materials furnished in the erection of a mill. On the date last mentioned, a verdict was returned

in favor of the plaintiff. On February 16th, 1877, the court, of its own motion, rendered judgment upon the verdict, the judgment being simply a money judgment, not foreclosing the plaintiff's lien. On February 20th, the said defendant filed his motion for a new trial. On March 6th, 1877, the defendant's motion for a new trial was overruled. On March 13th, 1877, upon the plaintiff's motion, the judgment before entered in said cause was set aside and another judgment was entered, which was substantially like the first one, with the addition of the ordinary provisions foreclosing the plaintiff's lien. Of the plaintiff's said motion and the said corrections made in the second judgment, no notice was given to the said defendant.

"The question presented in this case is, whether the judgment entered on March 13th, 1877, was a nullity. The special term of this court held that it was not. * * *

"At common law the record was said to be in the breast of the judges as long as the proceedings were *in fieri,* and they were *in fieri* until the close of the term, at which final judgment was rendered. After that time there could be no alteration or amendment of the judgment, except for a correction of mere clerical mistakes or irregularities. *The Bank of the United States* v. *Moss,* 6 Howard (U. S.) 31. This would be so, under our practice, if a motion for a new trial could not, as it could not at common law, be filed after the rendition of the judgment. But, inasmuch as, under our practice, such a motion may be filed after the judgment, it follows in analogy with the authority above cited, that the proceedings must continue to be *in fieri* until the close of the term at which a final disposition is made of the motion for a new trial; and that until that time the court retains control of the whole record, with power to alter, amend or set aside its former rulings, orders and judgments.

"Here, it will be observed, the amendment made was not the correction of any judicial error, but was, in fact, nothing more than the correction of a clerical error—the error of the

clerk in entering up simply a personal judgment, when, as shown by the record, the plaintiff was entitled, in addition, to a foreclosure of his lien. Everything necessary to amend by appeared of record, and it might be that the court, at a subsequent term, even if the motion for a new trial had preceded the final judgment, could have made the corrections. Freeman Judgments (2d ed.), sec. 70, *et seq.* However this may be, it clearly had the right to make the correction during the term at which the correction was in fact made. No notice to the defendant was necessary." See *Burnside* v. *Ennis*, 43 Ind. 411; *Spanagel* v. *Dellinger*, 34 Cal. 476.

The further point is made on this appeal, that the verdict, as stated in the special finding, was not a general verdict for the plaintiff, and did not warrant a decree foreclosing the lien, but only the personal judgment which was rendered in the first instance.

The finding states that "a verdict was rendered for the plaintiff in said cause for $250." Whether, upon such a verdict as this is found to have been, the plaintiff was entitled to a foreclosure of his alleged lien, for the amount so found in his favor, may be debatable. We decide nothing on the point; but it being conceded, as we hold that it must be, that the record remained in the control of the court until the end of the term at which the motion for a new trial was determined, and that parties were bound during that term to take notice of the action of the court, it was a question within the jurisdiction of the court to decide whether the verdict was sufficient to support a decree of foreclosure, and the correctness of the decision can not be collaterally questioned.

Judgment affirmed, with costs.

ELLIOTT, C. J., absent.