The Chicago and Indianapolis Air Line Railway Company v. Johnston.

------------------◆------------------

No. 9632.

THE CHICAGO AND INDIANAPOLIS AIR LINE RAILWAY
COMPANY v. JOHNSTON.

DEFAULT.—*Setting Aside Judgment.—Amendment of Summons.—Name.—*
Judgment by default was taken against a railway company, the summons

and return naming it as a rail*road* company; at the same term the default and judgment were set aside and the plaintiff permitted to amend the summons and return by inserting the name of the defendant as a rail*way* company and judgment then again taken on default.

*Held*, on appeal, that no error was committed in setting aside the default and judgment and permitting the amendment of the writ and service, the record showing that the proper representatives of the company had due notice of the action by such summons.

From the Jasper Circuit Court.

*R. S. Dwiggins*, for appellant.

ELLIOTT, J.—The summons issued in this case named the appellant, who was the defendant below, The Chicago and Indianapolis Air Line Railroad Company. On appellee's motion default was entered and judgment taken on the 7th day of June, 1881; on the 14th day of that month, and at the same term, the judgment and default were set aside and the appellee permitted to amend the summons and return by inserting, as the name of the defendant, The Chicago and Indianapolis Air Line Railway Company, and the defendant was again defaulted and judgment entered in appellee's favor.

We think there is no error warranting a reversal. The power of the court to set aside a default during the term is undoubted. *Burnside* v. *Ennis*, 43 Ind. 411; *McClellan* v. *Binkley*, 78 Ind. 503.

The mistake in using the word "road" instead of "way," in the writ, was one which might be cured by amendment, and no error was committed in permitting the amendment of the writ and service. The proper representatives of the appellant are affirmatively shown to have had due notice of the action, and there was, therefore, full opportunity to make defence. It would, as it seems to us, be unjust to permit the appellant to allow the action to go undefended and then secure a reversal, without taking any steps in the trial court, because of the error in giving its name in the complaint and summons.

Judgment affirmed.

HAMMOND, J., did not take part in the decision of this cause.