SMITH v. PERKINS, *Appellant.*

Division One, July 9, 1894.

1. **Practice**: VACATING JUDGMENT. A circuit court can, of its own motion, set aside a judgment rendered by it at the same term and take the case under advisement.

2. ———: INFANT: JUDGMENT. Where all the requirements of the statute to obtain jurisdiction of an infant defendant have been complied with, and the infant appears and defends by guardian *ad litem* and the court has jurisdiction of the subject-matter of the suit, the judgment is binding on the infant.

*Appeal from DeKalb Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

REVERSED AND REMANDED.

*S. G. Loring* for appellant.

(1) The trial court, after it had rendered final judgment and overruled motions for new trial and in arrest

and entered an order granting an appeal, could not legally set aside the judgment. The question is analogous to those arising on changes of venue. *Henderson v. Henderson*, 55 Mo. 544; *State v. Daniels*, 66 Mo. 207; *State v. Hopper*, 71 Mo. 425; *State v. Dusenberry*, 112 Mo. 288; *Colvin, v. Six*, 79 Mo. 200; *In the matter of Whitson Est.*, 89 Mo. 58; *Frazier v. Fortenburry*, 4 Ark. 162; *Campbell v. Thompson*, 4 Greene, (Iowa) 415; *Allen v. Meadow Spring, etc., Co.*, 29 N. W. Rep. 543. (2) After the lower court had entered the order granting the appeal its jurisdiction terminated and that of the supreme court attached. *State ex rel. v. Davis*, 54 Mo. App. 216; *Burgess v. O'Donoghue*, 90 Mo. 299; *Keyser v. Farr*, 105 U. S. 263; *Ladd v. Couzins*, 35 Mo. 513; *Levi v. Karrock*, 115 Iowa, 441. (3) The former judgment rendered against plaintiff was valid and binding notwithstanding his infancy. *Horstmeyer v. Connors*, 51 Mo. App. 397; 1 Black on Judgments, sec 193.

*Harwood & Hubbell* and *F. B. Miller* for respondent.

(1) The circuit court, during same term, has complete control over its orders and judgments. *State v. Webb*, 74 Mo. 333. (2) Not having appealed from the order wiping out and setting aside the judgment in his favor, defendant can not now raise that question in this court. *Branson v. Branson*, 102 Mo. 613. (3) The former judgment rendered against plaintiff was a personal one, entered against an infant and was absolutely void.

BRACE, J.—This is an action in ejectment to recover forty acres of land in DeKalb county. The petition is in common form; the answer a general denial. Judgment for the plaintiff, and the defendant appeals.

The case came on for trial in the DeKalb county circuit court at its November term, 1889. It was admitted for the purposes of the trial that John Smith is the common source of title.

The plaintiff, to show title, read in evidence a general warranty deed from the said John Smith, duly executed and acknowledged and bearing date September 21, 1868, conveying the premises to plaintiff. He further introduced evidence that defendant was in possession; that the plaintiff, at the time of the execution of the deed aforesaid, was an infant under the age of three years; and of the monthly value of the rents and profits, and rested.

The defendant, to show title, read in evidence a deed in proper form from the sheriff of DeKalb county, duly executed and acknowledged and dated April 15, 1874, conveying the premises to John Smith in pursuance of a sale made by said sheriff, under an execution levied thereon and issued upon a judgment of the circuit court of said county, rendered on the eighteenth day of April, 1873, in favor of the said John Smith and against the said Eli Smith plaintiff, for the sum of $111 debt, and $9.15 damages; the petition in the suit in which such judgment was rendered; summons issued thereon, and the return of the sheriff; the record of the appointment of a guardian *ad litem* by the court for said Eli Smith, upon the motion and suggestion of the plaintiff that the said Eli was an infant; the answer of said guardian *ad litem*, putting in issue the allegations of the petition, and the record of the judgment rendered thereon, at the April term, 1873, of said court, entered *nunc pro tunc* at the April term, 1876, of said court; and then introduced evidence, tending to prove that all the right, title and interest of the said John Smith, acquired by virtue of said judgment and sheriff's deed, by mesne conveyances, is vested in Oliver

Lucabaugh, under whom the defendant is in possession as tenant.

The plaintiff, in rebuttal, then read in evidence the original record entry of the judgment of April 18, 1873.

This was all the evidence, and the case being submitted to the court thereon, the court found for the defendant and judgment for him was accordingly entered. Whereupon plaintiff filed motions for new trial and in arrest of judgment, which being overruled, he filed affidavit for appeal, and his appeal was allowed, with leave to file bond within ten days and bill of exceptions before or during the next term. Afterwards and during the same term, the court, upon its own motion, set aside all of its previous orders and judgments, made in said cause, and took the case under advisement, and so the same remained until the April term, 1891, of said court, when, the court having found for the plaintiff, judgment was at said term rendered for him, and the defendant appeals.

1. There can be no question but that it was within the power of the circuit court to set aside its previous orders and judgment in the cause at the same term and take the case under advisement. Until the end of the term all the proceedings were in the breast of the court and its power over them was plenary. *Rottmann v. Shmucker*, 94 Mo. 139; *Car v. Dawes*, 46 Mo. App. 598; *State v. Webb*, 74 Mo. 333; *Randolph v. Sloan*, 58 Mo. 155; 1 Freeman on Judgments, [4 Ed.] sec. 90; 1 Black on Judgments, 1 [Ed.] sec. 305; *Childs v. Railroad* 117 Mo. 414.

2. The judgment of April 18, 1873, in the case of John Smith against the plaintiff Eli Smith, on which the execution issued, by virtue of which the premises were sold and conveyed by the sheriff to the grantor of defendant's lessor, as originally entered, was

a personal judgment against said Eli for the amount of money claimed in the petition to be due the plaintiff therein as a balance of the purchase money for said land, with award of execution; as entered *nun pro tunc* at the April term, 1876, of said court, it was a judgment against said Eli for the same amount, declaring the same a lien upon the land, with an order that the same be sold to satisfy the indebtedness, with an award of execution in conformity with such judgment.

Plaintiff contends that, he being an infant when the judgment was rendered, no personal judgment could be rendered against him and that the land having been sold and the sheriff's deed executed by virtue of the general execution issued upon the judgment *in personam*, as then of record, that the subsequent *nun pro tunc* entry of that judgment gave no additional support to the deed; and then proceeds to urge some objection to the proceedings which culminated in the *nunc pro tunc* entry.

In the view we take of the case it is unnecessary to consider these objections. If the *nunc pro tunc* entry did not aid, it certainly did not in any way impair the efficacy of the judgment as originally entered. In the action in which the judgment was rendered (as appears from the record) the said Eli Smith was duly served by summons; after service of process on him and return thereof, upon suggestion of his infancy, a guardian *ad litem* for him was duly appointed; such guardian *ad litem* filed his answer, putting in issue all the allegations of the petition; and when the case came on for trial the said guardian *ad litem* appeared therein for the said Eli and judgment was rendered by said court, after "having heard and duly considered the evidence therein, both, upon the part of the plaintiff and the defendant."

The circuit court having jurisdiction of the subject

Browning. v. Railway Co.

matter of said suit and having thus acquired jurisdiction over defendant, and its proceedings in the adjudication of the issues therein being in literal compliance with all the requirements of the statute, article 2, chapter 33, Revised Statutes, 1889, providing for suits by and against infants, the judgment of said court was binding and conclusive upon the plaintiff, although he was an infant, and the deed read in evidence, made in pursuance of a sale under the execution thereon, all in due and regular form, transferred all his interest in the premises to the purchaser, under whom defendant claims, and the finding and judgment should have been for the defendant. *Horstmeyer v. Connors*, 51 Mo. App. 394; *Townsend v. Cox*, 45 Mo. 401; *Shields v. Powers*, 29 Mo. 315; Freeman on Judgments [4 Ed.], secs. 151, 513; 1 Black on Judgments [1 Ed.], sec. 194; 1 American Leading Cases (Hare & Wallace) [5 Ed.], p. 327; Ewell's Leading Cases, p. 236; Tyler on Infancy and Coverture, p. 175, sec 119; Chambers on Infancy, p. 392; Field's Law of Infants, etc., sec. 34.

The judgment is, therefore, reversed and the cause remanded with directions to enter judgment for the defendant. All concur.