### GREEN *et al. v.* DRISKELL.

*Atkinson, J.*—1. Where at the appearance term of an equitable petition an order is taken directing that a demurrer thereto and a motion to dissolve an existing restraining order be heard and determined at chambers, and at a hearing had in pursuance of such order the court dissolves the restraining order and dismisses the action, the judgment of dismissal, even if erroneous, is nevertheless binding until the same is legally vacated and set aside. An order granted thereafter in vacation and without notice to the opposite parties or their counsel, by the terms of which the judgment of dismissal is vacated and a reinstatement of the case directed, is void.

2. The order of reinstatement being void for the reason above
indicated, the subsequent proceedings were entirely nugatory.
November 2, 1896.　Argued at the last term.　　*Judgment reversed.*

Motion to set aside judgment.　Before Judge Janes.
Douglas superior court.　November term, 1895.

On October 27, 1891, Mrs. Fannie V. Driskell filed her
bill of complaint, returnable to the February term, 1892,
of the superior court of Douglas county, against one Will-
oughby and four Whites of Douglas county, J. M. Green
and Mrs. Slaughter of Carroll county, and two named per-
sons of Paulding county.　Upon this bill the judge granted
a restraining order, and a rule to show cause, on the fourth
Monday in November, 1891, why the writ of injunction
and the other prayers in the bill should not be granted.
On November 23, 1891, defendants Green, Willoughby
and Slaughter filed their motion to dismiss the case for
want of process, service, and jurisdiction, and for other
defects apparent upon the face of the record.　Subject to
this motion they filed their several answers to the bill.　On
January 18, 1892, three of the Whites named as defend-
ants filed their "petition and answer," apparently not con-
testing any claim of Mrs. Driskell, but praying for injunc-
tion and relief against Green.　Upon this they obtained
an order, that "this petition and answer" be made a part
of the record in the case of Fannie V. Driskell *vs.* James
M. Green *et al.*, and that Green be enjoined as prayed,
until further order, and that he show cause at the next
term of Douglas superior court why the prayer of peti-
tioners should not be granted.　On April 15, 1892, Green
filed a plea to the jurisdiction, alleging that he was a resi-
dent of Carroll and not of Douglas county, that no sub-
stantial relief was prayed or sought against any citizen of
Douglas county, and that the principal defendants who did
reside in Douglas county, the Whites, had had themselves
made parties plaintiff and prayed for money judgment

against Green. On July 15, 1892, during the February adjourned term of Douglas superior court, an order was passed, that the motion to dissolve the temporary restraining order in the case of Fannie V. Driskell *vs.* James M. Green *et al.*, and the demurrer to said case, and the questions made by the "answer and cross-bill" filed by the Whites, be set for trial in vacation at chambers at Dallas, Ga., on August 10, 1892. On that date the following judgment was rendered: (After stating the case) "In accordance with an order granted in term and in open court, the above stated case came on to-day for trial; and after hearing said case, it is hereby ordered and adjudged that the temporary restraining order heretofore granted in said case be and the same is hereby dissolved. It is also ordered and adjudged that the temporary restraining order heretofore granted on the application of L. N. White, E. J. White and J. B. White, some of the defendants in the above stated case, who filed an answer and prayed therein to be made parties plaintiff, and also prayed for injunction &c. against the defendant James M. Green, be and the same are hereby dissolved; and it is also ordered and adjudged that the status of the parties be the same as though said restraining order had never been granted. It is also ordered and adjudged that said case be and the same is hereby dismissed at the plaintiff's costs."

On October 15, 1892, in vacation and without notice to defendants Green, Willoughby or Slaughter or their counsel, the court, on motion of plaintiff's counsel, passed an order referring to the former orders before set out, and proceeding thus: "And it further appearing to the court that the leading counsel for E. J., J. B. and L. N. White, to wit John V. Edge, was physically unable to attend court; it further appearing to the court that the other counsel in the case for Mrs. Fannie V. Driskell could not be present to attend to any of the matters in said bill or answer: it is therefore ordered," that the judgment of

August 10, 1892, be vacated, and the case or cases be reinstated and stand on the same footing as if said judgment had not been rendered. Afterwards at the November term, 1892, a verdict and judgment were rendered in favor of Mrs. Driskell against Green, Willoughby and Slaughter, for $801.25 principal, beside interest and costs; this in the absence of said three defendants and of their counsel. At the same term they filed their motion to arrest said judgment, and to set aside and vacate the verdict and judgment or decree, and to set aside and vacate the order of October 15, before stated. This motion was demurred to by plaintiff's counsel, as unauthorized and insufficient in law. The demurrer was sustained, and defendants' motion dismissed; and they excepted.

*Capers Hodnett*, by *Harrison & Peeples*, for plaintiffs in error.

November 2, 1896. Argued at the last term.