## MAUD V. SMITH, Appellant, v. NEVADA COUNTY UNITED GOLD MINES COMPANY et al., Respondents.

**Kansas City Court of Appeals, November 11, 1912.**

1. **JUDGMENTS: Practice, Trial: Motion to Vacate.** Where a motion to set aside a judgment was filed during the term in which it was rendered for the purpose of calling the court's attention to the fact that a premature judgment had been rendered before the cause had come to an issue, the court had full and complete authority to set it aside.

2. **————: Proceedings: Power of Court.** Until the end of the term all the proceedings of a court are within the breast of that court and its powers over them are plenary.

3. **————: General Jurisdiction: Common Law.** A court of general jurisdiction proceeding according to the course of the common law, has unlimited power during the whole term over its judgments rendered at such term.

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover,* Judge.

AFFIRMED.

*Ed. E. Aleshire* for appellant.

*C. S. Owsley* for respondents.

BROADDUS, P. J.—This is a suit by plaintiff to recover for commissions in making sales of mining stock. The defendant company was not served with process; the other defendants, who were served, appeared on the 1st day of the October term of the court for 1910, and filed a motion for costs, a motion for judgment on the pleadings and a motion to dismiss for failure to comply with the rules of the court. On the same day two of the motions were considered by the court; the motion for costs was sustained, and the motion to dismiss was overruled. No disposition was made of the motion for judgment on the pleadings. Subsequently, plaintiff filed bond for security for costs and nothing further was done in the case until the April term of the court for 1911, at which term it was set down for trial, when it was suggested that defendants were in default, whereupon a hearing was had and judgment rendered for the plaintiff. Defendants within four days thereafter filed a motion for a new trial and also a motion to vacate the judgment.

The motion to vacate the judgment is as follows: "Come now Vernon J. Rose and C. S. Owsley, defendants in the above entitled cause, and move the court to set aside, annul and vacate the judgment rendered therein against said defendants on May 1st, 1911, by default, for the reason that when the said judgment was rendered as aforesaid, said cause was not at issue, there being pending therein an undisposed of motion for judgment on the pleadings, which said motion was filed on October 10th, 1910, and is still pending in said action, and defendants, relying upon the record in said cause, did not observe that the same had been listed for trial under the rule of this court, which listing of said cause in the state of the record was a fraud upon the record; that the court has been deceived and imposed upon as to the state of the record in this case."

The court sustained the motion to vacate, and the plaintiff appealed from the action of the court in so doing.

The appeal is predicated upon the theory that the proceeding on the motion to vacate the judgment should have been based upon Section 2104, R. S. 1909, which requires that the petition to set aside a judgment shall state the existence of the facts as set forth in Section 2101, "and that the petition of plaintiff, upon which the judgment complained of was obtained, is untrue in some material matter, setting it forth, or that he has and then had a good defense thereto, setting such defense forth," which shall be verified by affidavit.

As the motion does not comply with said section, it is the contention of plaintiff that defendants were not entitled to have said judgment vacated and the action of the trial court was unauthorized and illegal.

But it is clear that the plaintiff is in error, as the judgment was not subject to be reviewed under said Section 2104. This section has application only to such a state of facts as are mentioned in Section 2101, *idem,* viz.: "When such interlocutory judgment (referring to previous sections) shall be made and final judgment entered thereon against any defendant who shall not have been summoned as required by this chapter, or who shall not have appeared to the suit, . . . such final judgment may be set aside, if the defendant shall, within the time hereinafter limited, appear, and by petition for review, show good cause for setting aside such judgment." The two sections really constitute but one section and should be so considered. As the defendants were both served with process they could not avail themselves of the provisions of said sections, because said sections apply only to defendants not served with summons and who do not make appearance to the action.

The motion having been filed during the term in which it was rendered for the purpose of calling the attention of the court to the fact that a premature judgment had been rendered before the cause had come to an issue, the court had full and complete authority to set it aside. The purpose of the motion, whatever may be its nature, was to call the attention of the court to the condition of the record, and that defendants had not had a hearing on their motion for a judgment on the pleadings, or on the final trial which resulted in the judgment.

The whole matter, to say the least, was in the sound discretion of the court. "Until the end of the term all the proceedings were in the breast of the court and its power over them was plenary." [Smith v. Perkins, 124 Mo. 50.] "That a court of general jurisdiction, proceeding according to the course of the common law, has unlimited power during the whole term over its judgments rendered at such term is a rule of universal application." [Rottman v. Schmucker, 94 Mo. 139.]

For the reasons given the cause is affirmed. All concur.