## HENDERSON et al. v. DREYFUS.

### (No. 2166.    June 30, 1920.)

#### SYLLABUS BY THE COURT.

1. An appellant cannot, as a matter of right, dismiss an appeal. Such dismissal may be had only by leave of court.
P. 226

2. The Supreme Court of the state of New Mexico, under the Constitution, holds one term of court each year, commencing on the second Wednesday in January, and such term continues until the beginning of the next succeeding term. P. 267

3. The power of the court over its judgments during the entire term at which they are rendered is unlimited, and the court may, during such term, without notice to the parties, vacate, modify, or set aside its judgments.    P. 267

Appeal from District Court, Valencia County; Mechem, Judge.

Action by Henry Dreyfus against the New Mexican Printing Company and Ralph M. Henderson. Directed verdict for Cutting and verdict for plaintiff for $35,000 against the New Mexican Printing Company, its motion for new trial granted unless plaintiff remitted the verdict in excess of $10,000, which remittitur was filed, and judgment against the New Mexican Printing Company in that sum, and Ralph M. Henderson its receiver brings error. After an affirmance the appeal was dismissed and the opinion withdrawn, but subsequently the case was reinstated. On motion to vacate order of reinstatement. Motion denied..

L. C. COLLINS, of Santa Fé, for plaintiffs in error.

#### OPINION OF THE COURT.

ROBERTS, J. A judgment was rendered against the New Mexican Printing Company in the district court of Valencia county for $10,000 in an action of libel instituted by appellee Dreyfus. Afterwards the printing company became insolvent, and Ralph M. Henderson was appointed receiver and prosecuted the appeal. On the 8th day of May, 1919, an opinion was filed by this court affirming the judgment of the trial court. For a full statement of the facts and the opinion, see 26 N. M. .., 191 Pac. 442.

Various extensions of time to file a motion for rehearing were granted plaintiff in error, and the case was pending upon leave to file such motion, when, on the 22d day of October, 1919, upon stipulation of counsel for the respective parties, and at the earnest solicitation of counsel for plaintiff in error, this court entered an order dismissing the appeal and withdrawing the opinion from the files. On the next day there appeared in the Santa Fé New Mexican, a daily newspaper published and controlled by the same parties who were managing and directing its policies at the time of the publication of the articles which gave rise to the present action, an article with large and conspicuous headlines which gave an incorrect and misleading account of the reasons which prompted this court to withdraw its opinion and dismiss the action. The dismissal of the appeal and the withdrawal of the opinion, as stated, were done upon the earnest solicitation of counsel for plaintiff in error and as an act of grace extended to such party. While it is true the parties had stipulated that the appeal might be dismissed and the opinion withdrawn, they, of course, had no control over the opinion or the judgment after it had been rendered, save the right to enter satisfaction thereof. The article, published the next day by the newspaper referred to, gave out the false impression that the opinion handed down was erroneous, was a one-judge opinion, and was withdrawn by the court of its own motion; that the newspaper had won a great victory; and the article was calculated to, and did, place this court in a false position. Subsequently both counsel who appeared for plaintiff in error in the negotiations leading up to the dismissal of the appeal and the withdrawal of the opinion—both of whom are gentlemen of the highest personal and professional character—appeared before the court and disclaimed any knowledge of the intention to publish such an article, and withdrew from further representation of plaintiff in error.

On the 24th day of October, 1919, this court, upon its own motion and without notice to any of the parties, entered the following order:

"For reasons satisfactory to the court, the court now, of

its own motion, sets aside the order heretofore entered in this cause, on, to wit, the 22d .day of October, 1919, withdrawing the opinion heretofore filed on the 8th day of May, 1919, and dismissing the writ of error at the costs of plaintiffs in error, and

"It is ordered that said cause be restored to the docket of this court, and the opinion so withdrawn from the files be restored to the files as the opinion of this court in said cause, and that the plaintiff in error be given 10 days' time within which to file a motion for rehearing."

Thereafter, and prior to the expiration of the January, 1919, term of this court, plaintiff in error filed a motion to vacate said order, which stated grounds as follows:

"First.    That said order of, to wit, October 24, 1919, and the proceedings of the court in making said order, are void and of no effect, inasmuch as the same are and were among other things, beyond the power, authority and jurisdiction of the court.

"And for further grounds of their motion and as further objections to said order and proceedings, and also as reasons supporting the present motion and each and every ground and point thereof, they further set out, allege and show to the court:

"Second.    That said order and proceedings were made and had sua sponte, and without motion, demand or request of any party litigant herein or of any one authorized to initiate or apply for said. proceeding or order.

"Third.    That from and after the making of its said order of October 22, 1919, this court became, was, and ever since has remained, without jurisdiction to make said order or to undertake said proceedings.

"Fourth.    That said opinion so written had not become a final opinion of the court and should not so appear on its records or be published as an opinion of the court at the cost of the taxpayers or otherwise, and could not be reinstated after being withdrawn as aforesaid.

"Fifth.    That said opinion, being withdrawn as aforesaid, became of no virtue nor effect, and that said cause having been terminated by the action of the parties thereto there was no pending cause between them in which an opinion could or should be filed.

"Sixth.    That said order and proceedings were not made or had to correct any clerical or other error or any inadvertence or mistake, but that the order of, to wit, October 22, 1919, duly and properly expressed the decision and intent of the court and duly and properly carried out the stipulation and

agreement of the parties and fixed the rights and status thereof in accordance therewith and as they were lawfully entitled to have them fixed and remain and that the court could not lawfully place them again in the position of litigants.

"Seventh. That said order and proceedings were made and had without notice to these movants and without opportunity to be heard wherefore, as well as for all of the reasons set out above, movants were deprived of liberty and property without due process of law and in violaion of the provisions of the fifth amendment of the Constitution of the United States of America in that behalf provided, and in violation of the provisions of section 1 of the fourteenth amendment to the Constitution of the United States of America in that behalf provided, and in violation of the provisions of section 4 of article 2 of the Constitution of the state of New Mexico, providing that all persons have an inherent and inalienable right of enjoying and defending life and liberty, of acquiring, possessing and protecting property and of seeking and obtaining safety and happiness, and of section 18 of article 2 of the Constitution of the state of New Mexico, providing that no person shall be deprived of liberty or property without due process of law nor shall any person be denied the equal protection of the laws, and especially and particularly because under and by virtue of the said constitutional provisions and each of them, all persons are entitled to discontinue, cease and determine litigation pending between them and set their controversies at rest not only in fact, but also upon the records of the court, upon such terms and conditions as they may stipulate, subject only to such approval and control of the courts as may be necessary or requisite (if any) for their protection and for the protection of their jurisdiction, prerogatives and rights, which approval and consent was in the instant case duly and fully had and given and all such protection fully afforded by the said order of October 22d, 1919, and for the proceedings upon which same was founded, to which reference has heretofore been made, after which jurisdiction of this Honorable court in said matter ceased and determined and thereafter it became and ever since has remained without jurisdiction or power to make the said order of, to wit, October 22, 1919, or to take the proceedings upon which the same was based."

Plaintiff in error does not here question the propriety of the court's action, but stands solely upon the proposition that the court had lost jurisdiction of the case and the parties and had no further control over its judgment; hence further attention need not be given to the reasons which prompted the action taken.

The motion was argued by plaintiff in error under two propositions of law which were stated as follows:

"(1) The parties had a right to dismiss the appeal, especially with the consent and approval of the court, and after such dismissal the court had no jurisdiction of the case.

"(2) The order of October 24th, by which the court sought to have the dismissal set aside and to restore the appeal without notice to the plaintiffs in error, constituted a deprivation of liberty and propery without due process of law."

In support of the first proposition, counsel cites the cases of Westerfield v. Rogers, 174 N. Y. 230, 66 N. E. 813, and Cline Piano Co. v. Sherwood, .57 Wash. 239, 106 Pac. 742, and 2 R. C. L. 168. These authorities, however, do not go to the extent claimed for them by counsel. The New York case was where the Appellate Division dismissed an appeal and as part of the same order attempted to vacate and set aside the judgment appealed from. The court of appeals held, and correctly, that it could not in the same judgment dismiss an appeal—which of course deprived the court of jurisdiction over the judgment, and at the same time vacate and set aside the judgment appealed from. The Washington case simply held that the parties may settle and satisfy the debt pending entry of judgment.

(1) The authorities are uniform to the effect that an appeal cannot be dismissed except on leave of court, and that an appellant cannot, as a matter of right, dismiss an appeal. Many authorities to this effect will be found collected in 4 C. J. 564. In 6 Ency P. & P. 870, it is said:

"The court exercises, under every form of procedure, a latent discretion of the allowance or denial of a voluntary termination of the suit by the plaintiff."

The discretion of the court, of course, cannot be used arbitrarily or in defiance of the rights of the plaintiff. The court has, however, undoubted control over the right of dismissal and discretion to grant or refuse the right, which of course is a judicial discretion, and the right to refuse the dismissal should not be exercised save upon justifiable grounds. Here at the time the stipulation for a dismissal of the appeal was filed the judgment of the trial court had been affirmed and an opinion filed. The parties could have satisfied the judgment, but of course

had no control over the opinion of this court and no right to direct the court to withdraw the judgment. The setting aside of the judgment and the withdrawing of the opinion, as heretofore' stated, were acts of grace extended to the parties by the court.

The second proposition urged by plaintiff in error is discussed under two heads in the brief filed: First, that a failure of the court to give notice of its intended action was a deprivation of liberty and property without due process of law; second, that the court had no power, either with or without notice, to set aside the order of dismissal. Many cases are cited discussing due process of law, which of course has a well-known and understood meaning, and would be applicable if, under the circumstances, plaintiff in error was entitled to notice.

(2) We will discuss both propositions together as they are directly related here. The Constitution of the state provides (section 7, art. 6) that—

"The Supreme Court shall hold one term each year, commencing on the second Wednesday in January, and shall be at all times in session at the seat of government."

The order of dismissal was entered on the 22d day of October, 1919, and the order setting aside the same was entered on the 24th day of the same month; hence both orders were entered at the same term of court.

(3) In Freeman on Judgments (4th Ed.) § 90, the author says: "

"The power to vacate judgments was conceded by the common law to all its courts. This power was exercised in a great variety of circumstances, and subject to various restraints. The practice in the different states is, in many respects, so conflicting that few rules can be laid down as universally applicable. One rule, however, is undoubted. It is, that the power of a court over its judgments, during the entire term at which they are rendered, is unlimited. Every term continues until the call of the next succeeding term, unless previously adjourned sine die. Until that time the judgment may be modified or stricken out."

The Supreme Court of the United States, in the case of Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872, said:

"The general power of the court over its own judgments, orders, and decrees, in both civil and criminal cases, during the existence of the term at which they are first made, is undeniable." Goddard v. Ordway, 101 U. S. 745, 25 L. Ed. 1040.

In the latter case the court said:

"As a part of the 'roll of that term," they are deemed to be 'in the breast of the court during the whole of the term.' "

See, also, Aetna Life Ins. Co. v. Board of County Commissioners, 79 Fed. 575, 25 C. C. A. 94. In the case of Smith v. Perkins, 124 Mo. 50, 27 S. W. 574, the court held that a circuit court could, of its own motion set aside a judgment rendered by it at the same term, and take the case under advisement.

In the case of Durre v. Brown, 7 Ind. App. 127, 34 N. E. 577, the control of the court over its judgments during the same term is exhaustively and ably discussed. The court said:

"The theory of the law is that courts have full and complete control of the record of their proceedings during the entire term at which such proceedings are had, and during the term, the court may, for good cause shown, correct, modify, or vacate any of its judgments. Any proceeding in a court is in fieri until the close of the term. When the parties are once rightfully in court, its jurisdiction over them continues without further notice as long as any steps can be rightfully taken in the cause. Burnside v. Ennis, 43 Ind. 411; Knight v. State, 70 Ind. 375; McClelan v. Binkley, 78 Ind. 503; Stout v. Duncan, 87 Ind. 383; Chicago, etc, R. W. Co. v. Johnston, 89 Ind. 88.

"It is for these reasons that no notice is required when the motion is made during the term. After the term has closed, and the proceedings have ceased to be in fieri, no legal steps can be taken against any party who has a substantial interest in them, except after notice given."

This case and the authorities therein cited conclusively dispose of both contentions urged by plaintiff in error. The proceeding being in fieri until the close of the term, no notice was required to be given the parties as to the contemplated action of the court. They were supposed to be present in court and cognizant of all proceedings taken in the case during the term.

Plaintiff in error cites the following cases which, it is contended, hold that the court had not the power to

vacate the order of dismissal and reinstate the case without notice: Green v. Driskell, 99 Ga. 624, 25 S. E. 938; Johnson v. First National Bank of Whiting (Ind. App.) 117 N. E. 676; Goodrich v. Huntington, 11 Ill. 646; Collins v. McBlair, 29 App. D. C. 354; Karrick v. Wetmore, 22 App. D. C. 487.

In the Georgia case the following quotation from the syllabus will show that the order vacating the judgment was made after the term had expired:

"An order granted thereafter in vacation, and without notice to the opposite parties or their counsel, by the terms of which the judgment of dismissal is vacated and a reinstatement of the case directed, is void."

In the case of Johnson v. First National Bank, supra, the order redocketing an action theretofore dismissed was made at a subsequent term.

In the case of Goodrich v. Huntington, supra, an order of dismissal was entered. Afterwards, and during the same term, without setting aside the order of dismissal, the court proceeded to render a judgment at the instance of the plaintiff. The court simply held that the judgment was void because made after the order of dismissal had been entered and without first setting aside the order of dismissal.

The case of Collins v. McBlair, supra, is not in point. That was an action in the nature of a creditor's bill to subject to sale the interest of one, in certain lands in satisfaction of two judgments. The following quotation from the syllabus clearly shows the inapplicability of this case to the point here under discussion:

"Scire facias to renew a former judgment is a judicial writ, expiring within a year and a day from its issuance, although it may be converted into an action by appearance and plea by the defendant; and where the defendant does not appear, and the plaintiff fails to obtain a fiat thereon within that period, the proceeding is discontinued; and a subsequent fiat, without a new writ, before the expiration of twelve years from the last renewal of the judgment, will not bind the defendant."

Neither is the case of Karrick v. Wetmore, supra, in point. We quote from the syllabus as follows:

"A suit begun in the name of a deceased plaintiff is a nullity, and under District of Columbia Code, § 399, allowing amendments in 'pending' cases, a declaration in such a suit cannot be amended by substituting as plaintiff the administrator, even though that section of the Code should be liberally interpreted."

For the reasons stated, we conclude that at the time the order of October 24 was entered vacating and setting aside the order of dismissal, this court had full control over the judgment theretofore entered, and no notice to plaintiff in error of its action was necessary.

For these reasons the application to set aside the order of reinstatement will be denied, and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.