JOHN S. MARVEL, APPELLANT, V. CHARLES P. CRAFT ET AL., APPELLEES.

FILED APRIL 24, 1928. No. 26451.

Charles E. Bruckman, for appellant.

Hainer, Flansburg & Lee, Raymond & Fitzgerald, Charles P. Craft and Butler & James, contra.

Heard before GOSS, C. J., ROSE, DEAN, THOMPSON, EBERLY and HOWELL, JJ., REDICK and WHEELER, District Judges.

ROSE, J.

The action was commenced in the district court for Morrill county to foreclose a mortgage on a quarter section of land. John S. Marvel was plaintiff. The defendants named in his petition were Charles P. Craft, Anna C. Craft, Royal Highlanders, Eugene J. Hainer, Bank of Commerce of Hastings and its receiver, Van E. Peterson. The Crafts were mortgagors and made default. The Royal Highlanders pleaded another mortgage not yet due. Hainer had acquired from the Crafts their equity of redemption and his answer contained a cross-petition and counterclaim against

the bank and the plaintiff for $25,000. The receiver claimed as an asset of the bank the mortgage that plaintiff sought to foreclose. Upon a trial of the issues raised by the pleadings the district court rendered in favor of the bank and the receiver a decree foreclosing the mortgage pleaded by plaintiff. Hainer's counterclaim was disallowed. For the purposes of review John S. Marvel, plaintiff, filed in the supreme court February 16, 1928, a transcript of the proceedings in the district court, and gave defendants notice of his appeal.

March 22, 1928, plaintiff filed a dismissal of his appeal, having settled with the receiver the controversy between them. Plaintiff's appeal was accordingly dismissed March 22, 1928, but a mandate directing the district court to carry its decree into effect was not issued.

The questions now presented for determination arise on a motion by Hainer for an order withholding the mandate, denominating him as cross-appellant and authorizing notice of his cross-appeal. The motion was filed March 30, 1928, and the sustaining thereof is vigorously resisted by the receiver on the grounds that he settled his controversy with plaintiff, thus changing his status, relying on the dismissal, and that the supreme court is without jurisdiction to sustain the motion. He directs attention to the record, which shows that plaintiff's motion for a new trial was overruled in the court below November 21, 1927; that the transcript for the appeal was filed in the supreme court February 16, 1928; that the time for the filing of a præcipe for a cross-appeal expired under the rules of the supreme court within four months after the overruling of plaintiff's motion for a new trial on November 21, 1927; that Hainer has not filed the necessary præcipe denominating himself as cross-appellant and the other parties as cross-appellees. In this connection it is argued by the receiver that the filing of such a præcipe within the four months after the date of the judgment below is jurisdictional and that consequently the supreme court is without power to extend the time or to sustain the motion of Hainer who

had been designated by plaintiff as appellee only; that an appellant had a right to dismiss his appeal without the consent of any appellee; that the receiver had a right to rely on the dismissal as the end of the litigation and to settle the controversy between himself and plaintiff on that basis and did so in good faith.

The argument does not seem to be conclusive. As a general rule an appellant may dismiss his appeal without the consent of the appellee. One appellant, however, cannot dismiss the appeal of another appellant or cross-appellant. Was Hainer an appellant or a cross-appellant when plaintiff dismissed his appeal? This is the decisive question. The supreme court acquired jurisdiction of the cause upon the filing of the transcript. Comp. St. 1922, sec. 9138; *Sheldon v. Bills,* 102 Neb. 93. The failure to give other or further notice of appeal did not affect the jurisdiction of the appellate court. *Shold v. Van Treeck,* 82 Neb. 99; *Anderson v. Griswold,* 87 Neb. 578. A statute provides:

"It shall be sufficient notice of such appeal to file in the office of the clerk of the district court in which such judgment, decree or final order was rendered, within ninety days after the rendition thereof, a notice of intention to prosecute such appeal signed by the appellant or appellants or his or their attorney of record; but if such notice is not given, the supreme court may provide by rule for notice after the appeal is lodged in that court." Comp. St. 1922, sec. 9140.

The decree from which the appeal was taken contains the following notice to all appellees:

"Plaintiff and defendant Eugene J. Hainer give notice of appeal in open court."

All parties to the decree upon the filing of the transcript were thus notified of the appeal of both plaintiff and Hainer on an equal footing. The transcript was prepared on behalf of both, each by mutual agreement to pay one-half the clerk's fees for making it. One complete transcript is all that is needed. Plaintiff filed the transcript with a præcipe designating himself alone as appellant and Hainer

and other defendants as appellees. Plaintiff made use of the appeal and of the joint transcript to settle his controversy with the receiver. The receiver joined in the settlement while charged by the decree and by the filing of the transcript with notice that Hainer was an appellant. The supreme court had jurisdiction of his appeal and all other parties to the action had notice of it. That appeal has not been dismissed. No one made a motion to dismiss it for failure to comply with the rules of the appellate court, which provide:

"The party or parties appealing shall file with the transcript a præcipe, which shall state the court from which the appeal is taken, the date of the judgment appealed from, the names of all parties and their relations to the case as they appeared in the court below. The præcipe shall also specify the party or parties appealing and designate all others made parties to the appeal as appellees.

"Coparties of appellants may join in the appeal or take cross-appeal, or any appellee may take cross-appeal, by filing with the clerk of this court, within four months after the date of the judgment appealed from or the overruling of the motion for a new trial, a præcipe which shall designate the name of such party as cross-appellant, and the names of all adverse parties as cross-appellees."

The failure to comply with the rules requiring a præcipe within the time limited did not defeat the jurisdiction acquired or the notice given under the statute. Whether an appeal should be dismissed for noncompliance with the rules or for irregularities in the præcipe is a question for the court. *Sheldon v. Bills*, 102 Neb. 93. On the very day that the "four months after the date of the judgment" expired, plaintiff and the receiver, adverse litigants, united in a settlement that resulted in the dismissal. Had it not been for the præcipe in which plaintiff was designated as sole appellant, the clerk of the supreme court would have followed the decree and docketed the cause with both plaintiff and Hainer as appellants. The appeal of Hainer was not disturbed by plaintiff's dismissal and is still pend-

ing. The filing of a præcipe not being jurisdictional, Hainer will, under the circumstances, be permitted to denominate himself as cross-appellant. To that extent his motion is sustained, but further notice is unnecessary, since proper notice of his appeal was given in the district court as shown by the decree and by the filing of the transcript. Until further order the mandate will be withheld.

MOTION SUSTAINED IN PART.