17 Neb.App. 211
STATE OF NEBRASKA, APPELLEE,
v.
JOHN R. SCHNELL, APPELLANT.
No. A-08-533.
Court of Appeals of Nebraska.
Filed November 10, 2008.
Stuart J. Dornan, of Dornan, Lustgarten & Troia, P.C., L.L.O., for appellant.
Jon Bruning, Attorney General, and Nathan A. Liss for appellee.
INBODY, Chief Judge, and MOORE and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
This matter is before us on John R. Schnell's motion to withdraw his appeal, the State's objection to the motion, and on the merits of the appeal. We determine that an appellant is not always entitled to dismiss his or her appeal as a matter of right, and we overrule Schnell's motion. Because we find plain error in the sentences imposed by the district courtdone consistently with the court's similarly incorrect advisement regarding the penalty consequences of Schnell's pleaswe reverse the judgment of the court and remand the cause for further proceedings.

BACKGROUND
Schnell pled guilty to four crimes: count I, robbery; count II, use of a deadly weapon to commit a felony; count III, robbery; and count IV, use of a deadly weapon to commit a felony. Before accepting the pleas, the district court advised Schnell as follows:
THE COURT: And do you understand these are all Class II felonies and the maximum possible sentence for a Class II felony is 50 years[9] imprisonment, and it can carry a one year minimum sentence, do you understand?
[Schnell]: Yes, ma'am.
THE COURT: And do you understand that if you are sentenced to terms of imprisonment on more than one charge, when it comes to  with the two use charges, [c]ounts II and IV, the [c]ourt must run those sentences consecutive to the charges before, to each of the robbery charges, and that means one after another, do you understand that?
[Schnell]: I understand.
THE COURT: But the [c]ourt does have the discretion, the [c]ourt could run all four of them consecutive, one after another, which would add up to a possible total of 200 years, but I also have the discretion, I could run [c]ount II concurrent with [c]ounts III and IV. Do you understand that I have discretion?
[Schnell]: Yes, ma'am.
The district court accepted the pleas and subsequently sentenced Schnell to 8 to 12 years' imprisonment on counts I and III (the two robbery counts) and 4 to 8 years' imprisonment on counts II and IV (the two use of a weapon counts). The court ordered count II (the first use of a weapon count) to be served consecutively to count I (the first robbery count), count IV (the second use of a weapon count) to be served consecutively to count III (the second robbery count), and counts III and IV (the second robbery and use of a weapon counts) to be served concurrently with counts I and II (the first robbery and use of a weapon counts).
Schnell timely appealed and filed an appellate brief, which challenged only the excessiveness of the sentences. The State then filed its appellate brief, arguing that the sentences were not excessive and pointing out potential plain error in the court's failure to make the sentences for use of a weapon consecutive to any other sentence imposed. Schnell thereafter moved to withdraw his appeal, but provided no reason for withdrawal. The State objected, stating that the district court's order was invalid and constituted plain error and that this court has the power to remand the cause for the imposition of a lawful sentence when an erroneous sentence has been pronounced. Schnell filed an objection to the State's objection, asserting that the State did not have standing to object to the dismissal both because the State "failed to appeal the sentence" and because the State "failed to file a cross-appeal." Schnell also filed a reply brief in which he argued that his pleas were not voluntarily made, because the district court advised him that it had the discretion to run one sentence for use of a deadly weapon concurrently with the sentences on other counts.
Pursuant to Neb. Ct. R. App. P. §§ 2-106(E) and 2-111(E)(5)(b), no oral argument was allowed.

ASSIGNMENT OF ERROR
Schnell alleges that the court abused its discretion by rendering an excessive sentence.

STANDARD OF REVIEW
[1] A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. State v. Kinkennon, 275 Neb. 570, 747 N.W.2d 437 (2008).
[2] Consideration of plain error occurs at the discretion of an appellate court. State v. Archie, 273 Neb. 612, 733 N.W.2d 513 (2007).

ANALYSIS

Whether Appellant May Dismiss Appeal as Matter of Right.
As set forth above, 6 days after the State filed its appellate brief, Schnell moved to withdraw his appeal. The State promptly objected. Although Schnell purported to object to the State's objection, the rules of appellate practice do not authorize an objection to an objection. See Neb. Ct. R. App. P. §§ 2-107(B)(4) and (5) and 2-108(D). Despite this technical flaw, the issues raised by Schnell's filing are inherent in our consideration of the motion to dismiss the appeal. Schnell's reply brief did not address the State's suggestion of plain error, but by addressing Schnell's pleas, it seems to concede that plain error exists in the sentences for use of a weapon. Before addressing issues of error in the sentences, we first consider Schnell's motion to dismiss his appeal.
[3] Under the rules of appellate procedure prescribed by the Nebraska Supreme Court, generally, an appellant may dismiss his or her appeal. See § 2-108(A). Thus, the Supreme Court has long held that as a general rule, an appellant may dismiss his or her appeal without the consent of the appellee. See Marvel v. Craft, 116 Neb. 802, 219 N.W. 242 (1928).
But even though the appellee's consent is not needed, the court rule on dismissal of an appeal shows that an appellant's motion to dismiss does not automatically require dismissal. First, § 2-108(B) requires the party seeking dismissal to file a motion to dismiss and § 2-108(C) requires the party to serve the motion upon the attorney or attorneys of record for all other parties. Second, the second sentence of § 2-108(D) states, "Appellee's response to the motion must be made within 14 days." This supports the State's right to respond to Schnell's motion to dismiss the appeal and dovetails the general right to respond to a motion afforded under § 2-106(C)(2) ("[a]ny response to the motion must be in writing and filed prior to the submission date"). Third, under the remainder of § 2-108(D), lalny party having a right of cross-appeal at the time the motion to dismiss is filed may, within the 14-day period provided in this rule, file a notice of intention to cross-appeal. Upon the filing of such notice, the court shall deny the motion to dismiss . . . ." (Emphasis supplied.) The State has not filed a notice of intention to cross-appeal, but, as discussed below, in the instant case the State has no right to file such a notice as it has no right of cross-appeal.
[4,5] The State cannot obtain a review of a trial court's final order in a criminal case by asserting a cross-appeal. State v. Halsey, 232 Neb. 658, 441 N.W.2d 877 (1989). Absent specific statutory authorization, the State, as a general rule, has no right to appeal an adverse ruling in a criminal case. State v. Merrill, 273 Neb. 583, 731 N.W.2d 570 (2007). In the case before us, the State did not assert a cross-appeal and it would not have had a right of cross-appeal, because it did not comply with the statutory prerequisites to docket error proceedings. Accordingly, the portion of § 2-108(D) allowing a party having a right of cross-appeal to file a notice of intention to cross-appeal is not implicated. However, this does not impair the State's right to file a responsea right specifically afforded under the second sentence of § 2-108(D) and generally provided by § 2-106(C)(2).
Thus, the question becomes, Does an appellant have the absolute right to dismiss his or her appeal, or is dismissal upon an appellant's motion a matter of judicial discretion? Because our research has not uncovered any Nebraska law or rule on the specific issue, we turn to other sources.
[6] "An appeal cannot be dismissed except on leave of court, and an appellant cannot do it as a matter of right." 5 C.J.S. Appeal and Error § 751 at 20-21 (2007). In In re Estate of Tucci, 104 N.C. App. 142, 408 S.E.2d 859 (1991), the Court of Appeals of North Carolina determined that a party's attempt to withdraw its appeal was ineffective. The court stated it was well established that "`[w]hen an appeal has been perfected, [an] appellant cannot withdraw it without first obtaining the consent of the appellate court. That court may allow or deny the motion in the exercise of its sound discretion." Id. at 149, 408 S.E.2d at 864, quoting Davidson v. Stough, 258 N.C. 23, 127 S.E.2d 762 (1962).
[7] As a general proposition, an appellant does not possess an absolute right to withdraw his appeal. State v. Gaffey, 92 N.J. 374, 456 A.2d 511 (1983). See, also, DeGarmo v. Goldman, 19 Cal. 2d 755, 123 P.2d 1 (1942); Henderson v. Dreyfus, 26 N.M. 262, 191 P. 455 (1920). The Gaffey court stated that New Jersey court rules do not give appellants the right unilaterally to withdraw their appeals and that New Jersey appellate courts had recognized that an appeal can be withdrawn only with the consent of the court. But, the Gaffey court stated that a court will ordinarily permit an appeal to be voluntarily dismissed, unless prejudice to the appellee will result. In Gaffey, however, it was the state that was seeking to withdraw the appeal, and the court determined that it could require the state to maintain its appeal when the rights of the defendant may be prejudiced. In DeGarmo, the court refused to dismiss the appeal because dismissal may adversely affect a coappellant's rights. In Henderson, the Supreme Court of New Mexico stated, "The authorities are uniform to the effect that an appeal cannot be dismissed except on leave of court, and that an appellant cannot, as a matter of right, dismiss an appeal." 26 N.M. at 266, 191 P. at 457. The Henderson court further stated, "The court has . . . undoubted control over the right of dismissal and discretion to grant or refuse the right, which of course is a judicial discretion, and the right to refuse the dismissal should not be exercised save upon justifiable grounds." Id.
The timing of the filing of the motion also appears to be a consideration. In Henderson, the parties had stipulated to dismiss the appeal, but the stipulation was filed after an opinion affirming the judgment of the trial court had been filed. In Sims v. Sims, 228 La. 622, 83 So. 2d 650 (1955), the appellant filed a motion to dismiss the appeal after the appeal had been set for hearing. The appellee refused to join in the motion to dismiss, and the court, citing the state's code of practice, stated that the appellant was not entitled to have the appeal dismissed. In Robertson v. Land, 519 S.W.2d 227, 229 (Tex. Civ. App. 1975), a Texas appellate court determined that where an appeal had been set for submission but had not been heard or determined, "there [was] no question of appellants' right to have their appeal dismissed." In the case before us, Schnell filed the motion prior to submission of the case but after the State had already filed its appellate brief suggesting the existence of plain error in sentencing.
We conclude that the granting of an appellant's motion to dismiss his or her appeal is left to the discretion of the appellate court. Generally, such a motion will be granted. And generally, an appellee who has not asserted a cross-appeal will have no reason to oppose such a motion. But here, the appelleethe Statehas objected to the motion and has directed this court's attention to the possibility of plain error in sentencing. The Legislature defines crimes and establishes the range of penalties, and the responsibility of the judicial branch is to apply those punishments according to the nature and range established by the Legislature. See In re Petition of Nebraska Community Corr. Council, 274 Neb. 225, 738 N.W.2d 850 (2007). Because the public has an interest in seeing criminals be properly sentenced under the statutes enacted by the Legislature, we conclude that Schnell's motion to withdraw his appeal should be denied.

Plain Error.
Schnell complains that the court abused its discretion by imposing excessive sentences. In the State's appellate brief, it argues that the sentences are not excessive but that they "pose an issue of potential plain error because the sentences imposed for use of a deadly weapon are not in compliance with . . . § 28-1205." Brief for appellee at 4. Schnell's reply brief implicitly concedes that the sentences amounted to plain error.
[8] Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. In re Interest of Brandon M., 273 Neb. 47, 727 N.W.2d 230 (2007). The district court sentenced Schnell to 8 to 12 years' imprisonment for each robbery conviction and 4 to 8 years' imprisonment for each use of a deadly weapon conviction. Each individual sentence is near the low end of the statutory limits. See Neb. Rev. Stat. §§ 28-105(1) (Cum. Supp. 2006) and 28-324(2) and 28-1205(3)(b) (Reissue 1995). The court ordered that each sentence for use of a deadly weapon conviction be served consecutively to the corresponding robbery conviction and that the second robbery and use of a deadly weapon sentences be served concurrently with the first sentences for robbery and use of a deadly weapon.
We find plain error in the sentencing court's failure to fully implement § 28-1205(3), which provides that the sentence for use of a weapon to commit a felony must be served consecutively to any other sentence imposed. In State v. Russell, 248 Neb. 723, 539 N.W.2d 8 (1995), the Nebraska Supreme Court stated that the trial court's failure to impose the sentence for use of a firearm consecutively to the defendant's life imprisonment sentence violated § 28-1205(3) and was plain error. Similarly, this court recently found plain error in a sentencing court's failure to impose consecutive sentences for convictions involving use of a deadly weapon to commit a felony. See State v. Wilson, 16 Neb. App. 878, 754 N.W.2d 780 (2008). See, also, State v. Moore, 274 Neb. 790, 743 N.W.2d 375 (2008) (where trial court ordered two sentences for second degree murder to be served concurrently to one another and two sentences for use of firearm counts to be served consecutively to one another and to sentences for second degree murder; on appeal, Supreme Court found sentences were excessively lenient but implicitly approved sentences on use of firearm running consecutively to each other and to concurrent sentences for second degree murder).
[9] In the instant case, the district court properly ordered each sentence for use of a deadly weapon to be served consecutively to the corresponding robbery conviction. But the court erred in ordering that the second robbery and use of a deadly weapon sentences be served concurrently with the first sentences for robbery and use of a deadly weapon. That sentencing arrangement had the effect of making one of the sentences for use of a deadly weapon run concurrently with the other sentence for use of a deadly weapon. Section 28-1205(3) mandates that a sentence for the use of a deadly weapon in the commission of a felony be served consecutively to any other sentence imposed. See, State v. Thomas, 268 Neb. 570, 685 N.W.2d 69 (2004); State v. Sorenson, 247 Neb. 567, 529 N.W.2d 42 (1995); State v. Wilson, supra.
[10] In Schnell's reply brief, he argues that his pleas were not voluntary because the court advised him that it had the discretion to run one sentence for use of a deadly weapon concurrently with the sentences on other counts. A reply brief cannot be used to raise new matters. State v. Chambers, 241 Neb. 66, 486 N.W.2d 481 (1992). However, because in this instance we have found plain error in the sentences imposed by the court and the court's advisement may have affected Schnell's decision to plead guilty, we will consider the issue.
[11,12] We recognize that, ordinarily, a trial court is not required to advise a defendant of the effect of the possible imposition of consecutive sentences. See State v. Irish, 223 Neb. 814, 394 N.W.2d 879 (1986). Explaining the possible range of penalties for each crime is adequate to enable a defendant to freely, voluntarily, intelligently, and understandingly plead to each crime with which he or she is charged. Id.
[13] However, in the case before us, the district court's incorrect advisement is inextricably intertwined with the court's plain error in imposing the sentences. The court advised Schnell that it had the discretion to run one use of a deadly weapon sentence concurrent with sentences for robbery and another use of a deadly weapon charge. The court sentenced Schnell consistent with the advisement, which we above found to be plain error. In general, under Nebraska law, a defendant must be informed of those consequences which affect the range of possible sentences or periods of incarceration for each charge and the amount of any fine to be imposed as a part of a sentence. State v. Schneider, 263 Neb. 318, 640 N.W.2d 8 (2002). In State v. Golden, 226 Neb. 863, 415 N.W.2d 469 (1987), the Nebraska Supreme Court determined that a defendant's guilty pleas to assaulting an officer in the third degree and using a firearm to commit a felony were not voluntarily entered because the trial court explained that the sentences could be imposed concurrently or consecutively and did not inform the defendant that § 28-1205(3) mandated a consecutive sentence. Where a defendant was unaware of the penal consequences of his or her guilty plea because he or she had been misinformed by the court, his or her plea is not voluntary. Id. See, also, State v. Van Ackeren, 234 Neb. 535, 451 N.W.2d 707 (1990) (defendant must be allowed to withdraw pleas because trial court failed to properly advise defendant concerning penalty consequence of use of firearm conviction). Because the court plainly erred in sentencing Schnell and the sentences were imposed consistent with the court's erroneous advisement, we conclude in this instance that Schnell must be permitted to withdraw his pleas. We emphasize that in the case before us, we do not address a situation where the sentencing court gave no specific advisement regarding the possibility of a consecutive sentence; here, rather, the court gave an incorrect advisement stating, in effect, that the two use charges could be made concurrent.

CONCLUSION
We determine that an appellant is not always entitled to have his or her appeal dismissed as a matter of right. Under the circumstances presented in this case, we deny Schnell's motion to withdraw his appeal. We find plain error in the district court's sentences to the extent that the court allowed one of the sentences for use of a deadly weapon to run concurrently with the other sentence for use of a deadly weapon. Because the erroneous sentences were imposed consistent with the court's advisement to Schnell at the time he entered his guilty pleas, we conclude that he should be allowed to withdraw his pleas to all charges. Thereafter, the court may proceed with a rearraignment upon all of the charges.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.