IN THE MATTER OF THE WILL OF MATTIE T. RIDGE, DECEASED

No. 7918SC1065

(Filed 3 June 1980)

**Attorneys at Law § 7.5– caveat proceeding – fees awarded caveators' counsel – insufficient findings**

Where the trial court made no finding or conclusion with respect to whether a caveat proceeding was without substantial merit, the court on appeal could not determine whether the trial court properly exercised its discretion in awarding fees to caveators' counsel. G.S. 6-21.

APPEAL by propounders from *Graham, Judge.* Order entered 27 June 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals 24 April 1980.

Mattie T. Ridge died 28 November 1978, leaving a will and three codicils which were probated in common form. Three of testatrix's nieces filed caveat to the three codicils, alleging they are invalid because of lack of testamentary capacity of

---

In re Ridge

---

Mattie Ridge, undue influence exerted upon her, and mistake by Mattie as to the nature of the codicils.

In Item VI of the will Mattie left a one-fifth interest in the residue of her estate to Alson M. Thayer, her brother, who was the father of the caveators. The will was executed 28 May 1969. Thereafter she executed the questioned codicils on 13 May 1974, 22 November 1974, and 16 October 1975. The second codicil removed Alson M. Thayer, who had died a few days prior to 22 November 1974, as a devisee under her will. The third codicil confirmed the will and first two codicils and made other changes not affecting caveators.

At trial, the parties entered into stipulations as to all uncontested issues. The caveators withdrew all their grounds for the caveat except that of undue influence. Propounders produced evidence showing the due execution of all four paperwritings as the last will and codicils thereof of Mattie Ridge. All three caveators testified and produced evidence describing the physical condition of Mattie Ridge, but failed to produce any evidence supporting their claim of undue influence, or any other basis for their caveat.

The court peremptorily instructed the jury in favor of propounders on all issues, and verdict was returned accordingly. Caveators gave notice of appeal which was later withdrawn.

At the conclusion of the hearing, propounders' counsel requested attorneys' fees for their services to the estate and objected to any fee on behalf of caveators' counsel. The court overruled their objection, and after hearing entered an order making findings of fact and allowing attorneys for caveators $7,500 legal fees. From this order, propounders appeal.

*Wyatt Early Harris Wheeler & Hauser, by William E. Wheeler, for propounder appellants.*

*Edwards, Greeson, Weeks & Turner, by Elton Edwards, for caveator appellees.*

MARTIN (Harry C.), Judge.

Propounders question the propriety of awarding legal fees to caveators' counsel and the amount of the award, to be paid from the assets of the estate.

Both parties rely upon the following statute:

*Costs allowed either party or apportioned in discretion of court.* — Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court:

. . . .

(2) Caveats to wills and any action or proceeding which may require the construction of any will or trust agreement, or fix the rights and duties of parties thereunder; provided, however, that in any caveat proceeding under this subdivision, if the court finds that the proceeding is without substantial merit, the court may disallow attorneys' fees for the attorneys for the caveators.

. . . .

The word "costs" as the same appears and is used in this section shall be construed to include reasonable attorneys' fees in such amounts as the court shall in its discretion determine and allow: . . . .

N.C. Gen. Stat. 6-21.

This statute authorizes the trial court in its discretion to allow attorneys' fees to counsel for unsuccessful caveators to a will. *In re Will of Slade*, 214 N.C. 361, 199 S.E. 290 (1938). The court is not required to do so. It is a matter in the discretion of the court, both as to whether to allow fees and the amount of such fees. *Godwin v. Trust Co.*, 259 N.C. 520, 131 S.E. 2d 456 (1963); *Mayo v. Jones*, 78 N.C. 406 (1878).

In re Ridge

The statute specifically provides that "if the court finds that the proceeding is without *substantial* merit, the court *may* disallow attorneys' fees for the attorneys for the caveators." (Emphasis added.)

Appellants contend the caveat had no merit at all and that the court abused its discretion in allowing counsel fees for caveators. The evidence strongly supports appellants' argument. Caveators, before trial, abandoned their claims of lack of testamentary capacity and mistake on the part of the testatrix. That left remaining their allegation of undue influence exerted upon testatrix. Caveators do not allege who perpetrated this undue influence upon Mattie Ridge. The record is absolutely void of any evidence to substantiate the claim of undue influence. For this reason, the court allowed propounders' motion for peremptory instructions on all issues.

In its order for counsel fees the trial court made no finding or conclusion with respect to whether the proceeding was without "substantial merit." Under the evidence in this case, without such a finding we cannot determine whether the trial court properly exercised its discretion in awarding the counsel fees.

For this reason, the order allowing attorneys' fees for caveators' counsel and costs must be vacated and the cause remanded to the Superior Court of Guilford County for another hearing to determine the propriety of awarding attorneys' fees to counsel for caveators and, if found proper, the amount of such fees. With this ruling, we do not decide nor intimate any opinion as to whether the amount of the attorneys' fees awarded by the trial court was proper. However, we believe the trial court in determining an appropriate fee can properly consider the failure of caveators to present evidence in support of their allegations.

Vacated and remanded.

Judges VAUGHN and CLARK concur.