MARGARET CHURCH WEAVER (MARSH) v. JACKIE BROOKS WEAVER

No. 8718DC264

(Filed 16 February 1988)

1. **Divorce and Alimony § 24.4— establishment of trust—proceeds for support of plaintiff and children—no error**

Where the trial court established a trust consisting of the parties' real and personal property, appointed the parties' attorneys as co-trustees, and ordered that trust proceeds should be used for the support and maintenance of plaintiff and the parties' minor children, the trial court did not err in failing to establish a receiver for the property and to provide for accountability by the trustees. N.C.G.S. § 50-13.4(e), 50-16.7(a) & (c).

2. **Rules of Civil Procedure § 33— videotaped deposition not allowed—interrogatories used**

Where defendant's counsel filed notice of an intention to depose plaintiff's counsel and to videotape the proceeding, the trial court did not err in granting plaintiff's counsel's motion for a protective order, noting that an oral deposition would not be had but defendant would be allowed to use interrogatories, since the type of information defendant was attempting to elicit, an accounting of sorts, regarding the marital trust of the parties could easily be gathered by the use of interrogatories.

3. **Divorce and Alimony § 24.4— violation of child support order—contempt—method of purging discretionary with trial court**

Where the trial court found plaintiff in contempt for removing certain items of personalty from the marital home and ordered that she purge herself of contempt by providing to defendant an itemized list of the personalty removed, the appellate court was without jurisdiction to consider whether the method for purging contempt should have been more severe.

4. **Divorce and Alimony § 18.11— alimony pendente lite—plaintiff as dependent spouse—sufficiency of evidence**

There was no merit to defendant's contention that the trial court erred in concluding that plaintiff was a dependent spouse entitled to alimony pendente lite, since there was substantial evidence of the parties' income and expenses upon which the court could properly base its order; moreover, defendant had previously stipulated that sufficient grounds for awarding alimony pendente lite to plaintiff existed.

5. **Divorce and Alimony § 18.16— attorney's fees—reasonableness—effect of plaintiff's contempt of court on right to fees**

Plaintiff, the dependent spouse, was properly entitled to counsel fees pendente lite, and the amount of the fees, $17,015.30, was reasonable; moreover, there was no merit to defendant's contention that plaintiff was not entitled to attorney's fees because she had removed valuable personalty from the marital home, since she had been found in contempt for that act but had

purged herself and had not disposed of the property, and the removal of the property and request for fees were unrelated matters.

APPEAL by defendant from *Daisy, William L., Judge.* Judgment entered 30 October 1986 in District Court, GUILFORD County. Heard in the Court of Appeals 1 October 1987.

Margaret Church Weaver [Marsh] commenced this domestic action on 17 October 1983 against Jackie Brooks Weaver seeking alimony pendente lite, "permanent alimony," custody of the two minor children, child support, and reasonable attorney's fees. On 5 December 1983, prior to defendant filing an answer, the matter came on for hearing to determine the issues of child custody, child support, and alimony pendente lite. The question of attorney's fees was deferred for a later hearing.

In its order of 19 January 1984, the court awarded custody of the two minor children and temporary support and maintenance to the plaintiff. The court also ordered that plaintiff's attorney, A. Doyle Early, Jr. and defendant's attorney, C. Richard Tate, Jr. become co-trustees over a trust, consisting of the couple's real property and designated personal property, i.e. antique automobiles. Plaintiff and defendant were ordered to transfer title to the marital home, owned as tenants by the entirety, title to a commercial building, also owned as tenants by the entirety, and title to certain antique automobiles, to the co-trustees for the purpose of selling the properties and accumulating the net sale proceeds for the support and maintenance of plaintiff and minor children.

The order was made pursuant to a determination by the trial court that the establishment of the trust would be in the best interests of the parties and the minor children. The court reached this conclusion by reasoning that because both mortgages on the real properties were in arrears, and defendant had sustained substantial indebtedness in his own name, such an order was necessary to protect the parties' property from creditors and to secure a fund from which child support and maintenance could be paid.

On 26 January 1984, one week later, the order was amended to specifically provide that neither plaintiff nor defendant held the authority to dispose of any property absent the court's per-

mission, and such permission could not be granted in the absence of notice to the opposing party and an opportunity to be heard.

Subsequent orders entered in this cause to which defendant appeals are as follows: an order entered on 16 January 1985, finding plaintiff in contempt for removing personal property from the marital home in violation of a previous court order, and ordering her to purge herself of contempt by providing defendant with an itemized list of the property removed; a 5 March 1985 order allowing a judgment against defendant for attorneys' fees in the amount of $17,015.30; and a protective order entered on 26 February 1986, pursuant to a motion by plaintiff's counsel, allowing defense counsel to serve interrogatories upon plaintiff's attorney but denying the taking of a videotaped deposition; and a 26 February 1986 order quashing a subpoena duces tecum served upon plaintiff's counsel. On 7 April 1986 plaintiff's counsel, A. Doyle Early, submitted answers to the set of interrogatories.

Defendant does not appeal from the final order entered on 30 October 1986, but rather from certain interlocutory orders entered in this cause which have been hereinbefore noted.

*Douglas Ravenel Hardy Crihfield & Moseley and Wyatt Early Harris Wheeler & Hauser, by A. Doyle Early, Jr., for plaintiff-appellee.*

*Debra I. Johnson, for defendant-appellant.*

JOHNSON, Judge.

Pursuant to this appeal, we are called upon to review four orders entered in four different civil sessions of the Guilford County District Court, High Point Division.

[1] By his first Assignment of Error, defendant challenges an order entered by Bencini, Robert E., Judge, on 19 January 1984, establishing a marital trust for the couple's real and personal property and appointing counsel for plaintiff and defendant as co-trustees. Defendant contends that the trial court erred in failing to establish a receiver for the property, and in failing to provide for accountability by the trustees. We find no error.

G.S. 50-13.4(e) provides that, "[p]ayment for the support of a minor child shall be paid by lump sum payment, periodic pay-

ments, or by transfer of title or possession of personal property of any interest therein, . . . as the court may order." In utilizing this provision, the trial court is vested with broad discretion, and is not limited to ordering any one of the designated methods of payment. In keeping with the powers vested, an order under this section will be upheld barring an abuse of that discretion. *Buff v. Carter*, 76 N.C. App. 145, 331 S.E. 2d 705 (1985); *Warner v. Latimer*, 68 N.C. App. 170, 314 S.E. 2d 789 (1984); *Moore v. Moore*, 35 N.C. App. 748, 242 S.E. 2d 642 (1978).

The pertinent provisions governing the method of payment of alimony provides that:

> (a) [a]limony or alimony pendente lite shall be paid by lump sum payment, periodic payments, or by transfer of title or possession of personal property or any interest therein, or a security interest in or possession of real property, as the court may order. . . .

> (c) If the court requires the transfer of real or personal property or an interest therein as a part of an order for alimony or alimony pendente lite as provided in subsection (a) *or for the securing thereof*, the court may also enter an order which shall transfer title, as provided in G.S. 1A-1, Rule 70 and G.S. 1-228.

G.S. 50-16.7 (emphasis added).

Defendant complains that when the trial court created the trust consisting of certain real and personal property owned by the couple, it failed to establish a receiver for the property and to provide for accountability by the trustees; however, he has presented no facts to support either contention. The court determined, in the exercise of its discretion, that the creation of this trust, and the order to convey title to the property in question to the trustees for the purpose of sale, was necessary to secure payment of both alimony and child support.

A. Doyle Early, Jr. and C. Richard Tate, Jr. attorneys for plaintiff and defendant, respectively, were appointed as co-trustees. As such, certain duties and responsibilities not specifically enumerated are inherent within the office. One of the duties is to provide an accounting at such time as the court having jurisdiction may direct. *See* 90 C.J.S. *Trusts* sections 377, 378 (1955).

The court exercised its discretion in applying the provisions of G.S. 50-13.4(e) and G.S. 50-16.7(a), (c) to create this trust. The essentials of a trust are also present, i.e. sufficient words to raise it, a definite subject, and ascertained object. *Wachovia Bank & Trust Co. v. Taylor*, 255 N.C. 122, 120 S.E. 2d 588 (1961); *Thomas v. Clay*, 187 N.C. 778, 122 S.E. 852 (1924). We therefore find no abuse of discretion and affirm this order.

[2]  Defendant next assigns as error, the 26 February 1986 order entered by Morton, J. Bruce, Judge, granting plaintiff's counsel's motion for a protective order. The motion was made pursuant to a notice filed on 3 February 1986, by defendant's counsel, of an intention to depose plaintiff's counsel and to videotape the proceeding. The court noted that an oral deposition would not be had but defendant would be allowed to use interrogatories as provided in Rule 33 of the N.C.R. Civ. Pro.

A trial court, when considering a motion for a protective order may, "make any order which justice requires . . . including . . . (iii) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery"; N.C.R. Civ. Pro. 26(c). It is also well noted that orders regarding matters of discovery are within the trial court's discretion and are reviewable only for abuse of that discretion. *Stanback v. Stanback*, 287 N.C. 448, 215 S.E. 2d 30 (1975); *Booker v. Everhart*, 33 N.C. App. 1, 234 S.E. 2d 46 (1977), *rev'd on other grounds*, 294 N.C. 146, 240 S.E. 2d 360 (1978). We find no abuse of discretion here.

The evidence before us indicates that the type of information defendant was attempting to elicit, an accounting of sorts, regarding the marital trust could easily be gathered by the use of interrogatories, the method of discovery authorized by the court.

[3]  Thirdly, defendant assigns as error the 16 January 1985 order entered by Foster, Thomas G. Jr., Judge, finding plaintiff in contempt of court for removing certain items of personalty from the marital home, and ordering her to purge herself of contempt by providing to the defendant an itemized list of the personalty removed. Defendant contends that the trial court should have imposed sanctions, such as crediting his obligation to pay alimony pendente lite, dismissing plaintiff's claim for alimony pendente lite altogether, or denying attorney's fees pendente lite.

Once again, we are faced with a question of the trial court's discretion. It has been held by our Supreme Court that the purpose of civil contempt is not to punish the contemnor, but is to be utilized to coerce compliance with court orders. *Jolly v. Wright*, 300 N.C. 83, 265 S.E. 2d 135 (1980); *Adkins v. Adkins*, 82 N.C. App. 289, 346 S.E. 2d 220 (1986); *Ferree v. Ferree*, 71 N.C. App. 737, 323 S.E. 2d 52 (1984). On appeal, the reviewing court may only consider whether the findings of fact are supported by competent evidence and are sufficient to support the judgment. *Amick v. Amick*, 80 N.C. App. 291, 341 S.E. 2d 613 (1986); *Brooks v. Gooden*, 69 N.C. App. 701, 318 S.E. 2d 348 (1984).

Therefore, it is without the jurisdiction of this Court to consider as, defendant would warrant, whether the method for purging contempt should have been more severe. The trial court found plaintiff in contempt for having violated a court order to leave the marital personalty status quo. It then provided the means by which plaintiff could purge herself of contempt and plaintiff complied by submitting inventory sheets of the property removed. We find that the findings of fact are sufficient to support the judgment, and we, therefore, are not at liberty to further consider this assignment of error.

[4] Next, defendant contends that in the 19 January 1984 order, noted in the first question hereinbefore considered, the trial court erred in concluding that plaintiff was a dependent spouse entitled to alimony pendente lite. The issue concerning an award of attorneys fees pendente lite is reserved for the final question.

Under the factual situation presented, the court determined that plaintiff was entitled to alimony pendente lite as she met the conditions set forth in *Gardner v. Gardner*; (1) that she was the dependent spouse, (2) that she was entitled to the relief demanded in the action and (3) that she was without sufficient means to subsist during the prosecution of the suit. 40 N.C. App. 334, 252 S.E. 2d 867 (1979).

The court reached this conclusion after extensive review, rendering detailed and extensive findings of fact. It is also of substantial note that defendant had previously stipulated that sufficient grounds for awarding alimony pendente lite to the plaintiff existed. In finding of fact No. 4, the court stated:

[f]or the purposes of this pendente lite hearing only, the defendant stipulates in open Court that the plaintiff is entitled to custody, child support and temporary support and maintenance for the plaintiff . . .

It evades reason why defendant now contests an award of alimony pendente lite.

Defendant bases his argument upon a presumption that the court reached the conclusion of plaintiff's entitlement solely by determining that defendant "was a man of substantial resources due to the extent of his valuable real estate and personal property holdings." The evidence of record clearly refutes this contention. In its findings of fact the court noted that plaintiff was employed and earned a net monthly income of $449.00 from which an insurance premium for herself and the children was deducted. Her individual monthly needs totaled $300.00 per month, and fixed monthly expenses totalled $1,619.23 which included $950.00 in home mortgage payments.

With respect to defendant's financial status, the court found that he was employed and earned a net monthly income of $1,060.11. He contended that his personal expenses totalled $1,186.00.

From this evidence and other pertinent financial considerations, the court concluded that plaintiff was entitled to $400.00 per month for support and maintenance. We find no reason to disturb this order.

[5] Finally, defendant contends that in its order of 28 February 1985 entered by Foster, Thomas G. Jr., Judge, the trial court erred when it awarded plaintiff counsel fees in the sum of $17,015.30.

The requirements which a spouse must meet before a request for attorneys fees pendente lite can be granted are as follows: (1) the party requesting the award must be a "dependent spouse" as defined in G.S. 50-16.1(3); (2) the party must be entitled to alimony pendente lite; and (3) the court must find that the dependent spouse is without sufficient means to subsist during the prosecution or defense of the suit and to defray the attendant expenses thereof. G.S. 50-16.4; G.S. 50-16.3; *Fungaroli v. Fungaroli*, 53 N.C. App. 270, 280 S.E. 2d 787 (1981).

The plaintiff in the case *sub judice* met the requirements named above, and was subsequently awarded attorneys fees pendente lite. We find no abuse of discretion regarding the amount awarded, a finding which is required to reverse such an award, when the statutory requirements have been met. *Hudson v. Hudson*, 299 N.C. 465, 263 S.E. 2d 719 (1980). Plaintiff was found to be the dependent spouse and designated as such. She had become entitled to alimony pendente lite both by stipulation and by findings of fact. She earned gross pay of $4.00 per hour for approximately 12-14 hours per week and reimbursement of 20 cents per mile. Her earnings had substantially diminished because she had been terminated from her former employment. She then met the requirement of having "insufficient means to subsist during the prosecution or defense of this suit." *Fungaroli, supra.*

Defendant contends that plaintiff was not entitled to an attorneys fees award since she had removed valuable personalty from the marital home. He contends that this action simultaneously placed her in a position of substantial wealth and rendered her request for attorneys fees a "bad faith" request. We cannot agree. Plaintiff removed the personalty, she was held in contempt, but purged herself thereof by providing defendant with an itemized list of the property removed, as the court ordered. In addition, although in temporary possession of the property, she had been ordered by the court not to dispose of the property in any way. There is no evidence that she attempted to do so. Thirdly, this finding of contempt does not have the singular effect of reducing her legitimate request for attorneys fees to a "bad faith" request. The removal of property and the request for attorneys fees were unrelated instances.

Our inquiry now focuses upon the reasonableness of the attorneys fees award. The proper order awarding counsel fees in a child support or alimony action must contain a finding or findings upon which a determination of the reasonableness of the award can be based, such as the nature and scope of the legal services rendered, the time and skill required, and the attorney's hourly rate in comparison to the customary charges of attorneys practicing in that general area. *See Fungaroli* at 274-75, 280 S.E. 2d at 790.

Defendant stipulated to the reasonableness of the hourly rate charged, but contended that a substantial portion of the time expended was in the performance of the duties pursuant to the administration of the marital trust created by court order and was therefore not in prosecution of the action. He seems to overlook the fact that the trust was in fact created to secure a fund from which alimony and child support could be paid. Therefore, we find his contention untenable.

The court found that all the services were rendered on behalf of the plaintiff and minor children. This finding is conclusive and we find no abuse of discretion and therefore no reason to disturb the ruling on appeal.

Affirmed.

Judges BECTON and PARKER concur.