PEGGY HUTCHINS FREEMAN, PLAINTIFF v. DR. JOHN H. MONROE, M.D., FORSYTH GYNECOLOGIC ASSOCIATES, P.A., DR. ROBERT L. MEANS, M.D., FORSYTH SURGICAL ASSOCIATES, P.A., DR. JOHN C. FARIS, M.D., BREAST CLINIC, INC., DEFENDANTS

No. 8821SC26

(Filed 15 November 1988)

**Trial § 3.1— denial of motion to continue summary judgment hearing—abuse of discretion**

The trial court in a medical malpractice action abused its discretion by denying plaintiff's motion to continue a summary judgment hearing where there was no reason whatever for refusing the continuance and a compelling reason for granting it.

APPEAL by plaintiff from *Freeman, Judge.* Judgment entered 13 July 1987, *nunc pro tunc* 9 July 1987, in Superior Court, FORSYTH County. Heard in the Court of Appeals 11 May 1988.

Plaintiff sued all the above defendants for negligence which allegedly contributed to the loss of her right breast due to cancer. The appeal concerns only the dismissal by summary judgment of her claims against Dr. John C. Faris and the Breast Clinic, Inc. In pertinent part the depositions, interrogatories, and other materials recorded show the following: On 18 January 1984 plaintiff telephoned her gynecologist that the night before she had discovered a grape-sized lump protruding from her right breast and he arranged for her to be examined by a surgeon two days later, by which time the lump had receded into the surrounding tissue. The surgeon referred her to defendant Breast Clinic where she was examined on 31 January by a technician, who felt the mass and took mammograms, consisting of xerograms and sonograms, of both breasts, that were read and interpreted by defendant Dr. Faris, a radiologist. In reporting his interpretation to the referring surgeon Dr. Faris stated that though the mammograms revealed a prominent duct pattern they did not show any mass, either solid or cystic, or any other significant abnormality. Within five months the lump was diagnosed as an invasive carcinoma that involved the surrounding lymph nodes and plaintiff underwent a radical mastectomy and chemotherapy. The gist of her claim against Dr. Faris and the Breast Clinic is that her condition as indicated by the lump and mammograms required them to con-

vey that information to the referring surgeon and to do further, more specific mammographic studies.

Defendants first sought to have their motions for summary judgment heard on 14 May 1987, though the discovery period was not scheduled to expire until 30 June 1987, and defendants had not complied with plaintiff's request, made four months earlier, to produce their xerograms of her breast. Judge Wood declined to hear the motions, noting that plaintiff's motion to compel the delivery of the xerograms was pending and that she could not respond to defendants' motions until her expert evaluated the xerograms and other records, and he entered an order continuing the hearing until after discovery was completed and directing defendant appellees to deliver the xerograms. The xerograms, delivered as ordered, were the main subject of Dr. Faris' deposition taken eleven days before discovery expired, and the deposition of Dr. Choplin, a specialist in radiology, taken the day before discovery expired. Dr. Choplin's testimony, though replete with contradictions and inconsistencies, when viewed in its most favorable light for the plaintiff, was to the effect that: The xerograms showed a suspicious area just below the nipple of the right breast, the area later found upon surgery to be cancerous; this information, along with the technician's feeling of the lump, should have been reported to the referring surgeon and further, more definite mammographic studies should have been done. Meanwhile, defendant appellees had their motions re-calendared for hearing during the week of 6 July 1987. By a verified motion, filed on 1 July 1987, plaintiff moved that the hearing be continued on the ground that her medical expert, a Harvard Medical School professor, was on vacation and could not examine the affidavit that counsel had sent to him until he returned on 10 July 1987. In a hearing on 9 July 1987 the court denied plaintiff's motion to continue and granted defendant appellees' motions for summary judgment.

*Kenneth Clayton Dawson and Billy R. Craig for plaintiff appellant.*

*Marshall, Williams, Gorham & Brawley, by Lonnie B. Williams, for defendant appellee Dr. John C. Faris.*

*Tuggle Duggins Meschan & Elrod, by Sally A. Lawing, for defendant appellee Breast Clinic, Inc.*

Freeman v. Monroe

PHILLIPS, Judge.

The first of two questions raised by this appeal is whether the denial of plaintiff's motion to continue the summary judgment hearing was an abuse of the court's discretion. We hold that it was. Though the refusal of a continuance is within the sound discretion of the trial court and ordinarily will not be interfered with on appeal, *State v. Rhodes*, 202 N.C. 101, 161 S.E. 722 (1932), any discretionary ruling that is "manifestly unsupported by reason," *White v. White*, 312 N.C. 770, 777, 324 S.E. 2d 829, 833 (1985), is an abuse of discretion and subject to reversal; and the record in this case shows no reason whatever for refusing the continuance and a compelling reason for granting it. In our jurisprudence it is fundamental that each litigant must have a fair opportunity to present his side of the case to the deciding tribunal; but in this case plaintiff was deprived of the opportunity to present to the court the most important part of her evidentiary forecast because the court was unwilling for no manifest reason to delay the summary judgment hearing even for a few days. Nothing in the record supports the ruling. There is no indication that the affidavit could or should have been obtained earlier; or that the failure to get it was due to any fault of plaintiff or the expert; or that plaintiff had been dilatory either during or after discovery. As Judge Wood found earlier, plaintiff's case against defendant appellees largely depends upon the opinion testimony of her expert witness concerning the xerograms; testimony that the court could not have reasonably expected to receive immediately after discovery ended even if the witness had not been on vacation. For under the circumstances the witness could not be expected to formulate his opinions before examining the belatedly delivered xerograms and the depositions concerning them, and mailing an affidavit to Massachusetts and getting it back requires time. Nor is there any indication that the few days' delay plaintiff requested could have adversely affected either the defendants' rights or the proper administration of justice; the indication rather is that the delay would have enabled plaintiff to fully respond to defendants' motions and would have permitted the court to have before it the complete evidentiary forecasts of all the parties before ruling on plaintiff's right to pursue her action further. Though undue delay in the processing of cases is to be avoided, not all delay is undue; and the court's primary duty in

the instance recorded was not to avoid delay, but to rule judiciously in light of the circumstances that made it impossible for plaintiff, through no fault of hers, to fairly present her side of the case at the time scheduled, and that was not done.

Because of the foregoing determination the other question argued—whether the above described evidence, including the testimony of Dr. Choplin, when viewed in its most favorable light for the plaintiff as our law requires, *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972), raises an issue of fact as to the negligence of the defendant appellees—need not be determined.

Vacated and remanded.

Judges JOHNSON and SMITH concur.