IN RE ESTATE OF SHIRLEY ALLRED TUCCI

No. 9021SC1010

(Filed 1 October 1991)

1. **Appeal and Error § 257 (NCI4th)— dissent from will—attorney fees—appeal from clerk**

     The trial court did not err by hearing the merits of an estate's appeal from an order of the Clerk of Superior Court taxing the estate with attorney fees as part of the costs incurred in an unsuccessful attempt to dissent from the will where the dissenter, Tucci, filed a voluntary dismissal of his petition for attorney fees, Tucci stipulated that the Clerk's order had been satisfied, and the estate withdrew its appeal. Tucci's purported voluntary dismissal of the petition for attorney fees came after the Clerk had entered a final order on the petition and was therefore of no legal efficacy; Tucci did not have the capacity to stipulate that the Clerk's order had been satisfied because the Clerk's order indicated that the fees should be paid directly to the law firm; and the estate's withdrawal of its appeal was ineffective because an appellant cannot withdraw an appeal which has been perfected without first obtaining the consent of the appellate court.

     **Am Jur 2d, Appeal and Error § 922.**

2. **Compromise and Settlement § 3 (NCI4th)— dissent from will— attorney fees—order from clerk—settlement by parties—not allowed to negate order**

     The trial court did not void the essential terms of a settlement agreement involving attorney fees between an estate and a spouse who had unsuccessfully dissented from the will where the Clerk had previously entered a final order requiring payment of attorney fees by the estate directly to the law firm as a part of the costs of the dissent, and the only documents filed with the court were a voluntary dismissal, a stipulation, and a withdrawal of the appeal to superior court. Since there was no written settlement agreement filed with the trial court, the court could not and did not nullify the terms of the agreement. The court instead merely ruled that the documents filed could not deprive it of the authority to order the costs paid.

     **Am Jur 2d, Compromise and Settlement § 327.**

**IN RE ESTATE OF TUCCI**

[104 N.C. App. 142 (1991)]

3. **Clerks of Court § 11 (NCI4th) — dissent from will — hearing on attorney fees — ex parte — no prejudice**

An estate did not suffer prejudice by reason of an ex parte hearing before the Clerk to determine whether the estate should pay attorney fees for an unsuccessful dissent where the estate had the opportunity to oppose the petition for attorney fees at a *de novo* review in superior court.

**Am Jur 2d, Wills §§ 1094, 1095.**

4. **Compromise and Settlement § 3 (NCI4th) — dissent from will — attorney fees — ruling that settlement not allowed to negate clerk's order — no motion required**

The trial court made a proper ruling on its own motion in a proceeding to determine whether an estate should pay attorney fees for an unsuccessful dissent where the Clerk had ordered the estate to pay the fees, the estate appealed for a *de novo* review in superior court, and the court ruled that the parties' settlement could not negate the Clerk's order.

**Am Jur 2d, Wills §§ 1094, 1095.**

5. **Rules of Civil Procedure § 6 (NCI3d) — dissent from will — hearing on attorney fees — notice**

An estate was not entitled to five days' notice of a hearing on the merits of its appeal to superior court under N.C.G.S. § 1A-1, Rule 6(d) where the Clerk had entered a final order that the estate pay the attorney fees for an unsuccessful dissent from the will. Rule 6(d) relates only to the hearing of motions and the hearing of the estate's appeal was not pursuant to a motion. Moreover, the estate knew that the hearing was originally scheduled for 25 June and would have been held on that date, rather than 29 June, but for the estate's motion for continuance on 18 June.

**Am Jur 2d, Wills §§ 1094, 1095.**

6. **Discovery and Depositions § 55 (NCI4th) — dissent from will — superior court hearing on attorney fees — motion for discovery — denied**

The trial court properly exercised its discretion in denying a motion to compel discovery in a proceeding to determine whether an estate should pay attorney fees for an unsuccessful dissent where the underlying facts were already available or

could have been made available during the hearing through affidavits and statements of counsel.

**Am Jur 2d, Wills §§ 949, 1095.**

**7. Trial § 3.1 (NCI3d)— continuance—denied—no abuse of discretion**

The trial court did not err by denying a motion to continue a hearing concerning the award of attorney fees arising from an estate. The refusal of a continuance was within the sound discretion of the trial court. This appeal arises out of dissent proceedings instituted more than five years ago, the issues before the court were relatively simple, and there was no abuse of discretion.

**Am Jur 2d, Wills §§ 1094, 1095.**

**8. Wills § 61 (NCI3d)— dissent from will—unsuccessful—attorney fees**

The trial court did not err in awarding attorney fees for an unsuccessful dissent from a will where the dissenting husband contended that a reconciliation with his wife manifested an intent to rescind their separation agreement; the clerk agreed that the agreement had been rescinded and determined that the husband had regained his right to dissent; the superior court held that the Clerk's findings were supported by competent evidence and that the evidence supported the conclusions of law; the majority of the Court of Appeals panel stated that the statutory right to dissent was barred by the separation agreement; and one judge filed a dissenting opinion. The husband obviously advanced a good faith legal argument which led to considerable disagreement; since substantial merit under N.C.G.S. § 6-21(2) does not require success on the merits, there was no abuse of discretion.

**Am Jur 2d, Wills §§ 1094, 1095.**

**9. Attorneys at Law § 55 (NCI4th)— dissent from will—attorney fees—reasonableness**

The attorney fees awarded by the trial court in an unsuccessful dissent from a will were proper where the dissenting spouse's attorneys filed detailed, itemized statements showing the hours they had expended, including summary descriptions of the actual work performed, and sworn affidavits attesting

IN RE ESTATE OF TUCCI

[104 N.C. App. 142 (1991)]

to the accuracy of the entries contained on the statements; four attorneys practicing in the same area supplied affidavits attesting to the reasonableness of the hourly fees; and the presence of the husband's contingency fee arrangement with his attorneys does not prevent the discretionary award of statutory attorney's fees.

**Am Jur 2d, Wills §§ 1094, 1095.**

**10. Constitutional Law § 108 (NCI4th) — hearing — right to present evidence**

An estate's contention that its right to due process of law was violated by the trial court's refusal to allow it to present evidence during the hearing of its appeal from the Clerk of Superior Court was without merit where the estate failed to avail itself of its opportunity to present evidence.

**Am Jur 2d, Wills § 948.**

APPEAL by Estate of Shirley Allred Tucci from Orders entered 29 June 1990 and 24 July 1990 in FORSYTH County Superior Court by *Judge Julius A. Rousseau, Jr.* Heard in the Court of Appeals 10 April 1991.

*Womble, Carlyle, Sandridge & Rice, by Michael E. Ray and Kurt C. Stakeman, for appellant-estate.*

*A. Wayland Cooke and Michael C. Landreth have filed a brief in response to the estate's appeal.*

WYNN, Judge.

Appellant, the Estate of Shirley Allred Tucci ("Estate"), appeals from an order of the Forsyth County Superior Court taxing the Estate with the payment of attorney's fees, as part of the costs incurred in an unsuccessful attempt by James Michael Tucci ("Tucci") to dissent from the will of his wife, Shirley Allred Tucci.

On 25 May 1990, following his unsuccessful bid to dissent, Tucci filed a petition pursuant to N.C. Gen. Stat. § 6-21(2) requesting the Forsyth County Clerk of Superior Court to tax the attorney's fees which he incurred in undertaking the dissent against the Estate. Attached to and tendered in support of the petition was "a statement for professional services rendered and costs advanced on behalf of James Michael Tucci by the law firm of Harrison, North,

**IN RE ESTATE OF TUCCI**

[104 N.C. App. 142 (1991)]

Cooke & Landreth" ("the Harrison firm"). Neither a copy of the petition, nor a notice of hearing was served upon the Estate. After reviewing the petition, the clerk found as fact that Tucci's dissent had substantial merit, and that the attorney's fees incurred were fair and reasonable in every respect. Thereafter, the clerk entered an order requiring the Estate to pay "the attorney's fees and costs of James Michael Tucci, . . . to the law firm of Harrison, North, Cooke & Landreth."

Pursuant to the provisions of N.C. Gen. Stat. §§ 1-272 and 7A-251, the Estate appealed to the Superior Court of Forsyth County on 29 May 1990 for a *de novo* review of the clerk's order. In its notice of appeal, the Estate asserted that it had been denied due process of law because it had not been afforded an opportunity to respond to the petition for attorney's fees. The Estate also objected to the Clerk's findings of fact and conclusions of law, and alleged that the Clerk had abused her discretion in taxing Tucci's attorney's fees against it. Also on 29 May 1990, in an effort to discover the factual basis for Tucci's petition, the Estate served on Tucci's counsel a notice to take Tucci's deposition and a request for the production of documents. The deposition and the date by which the documents were to be returned was 27 June 1990.

On 30 May 1990, Tucci's counsel sent a request to the court that the Estate's appeal be calendared for 25 June 1990, two days prior to the time Tucci was to respond to discovery. Notwithstanding the Estate's objection to this request, the appeal was calendared for 25 June 1990 before Judge Julius A. Rousseau, Jr. Upon receiving this information, the Estate served a *subpoena duces tecum* on Tucci and his attorneys to appear, to testify, and to produce documents at the June 25th hearing. The Estate also filed a motion to continue the hearing from June 25th.

On 15 June 1990, counsel for Tucci filed a response to the Estate's notice of deposition and request for documents, and indicated that Tucci would refuse to appear and testify at the deposition and that there would be no further production of documents.

On 18 June 1990, the Estate filed a motion to compel discovery, and its motion to continue was heard by Judge Judson D. DeRamus, Jr. via telephone. As a result of the hearing, Judge DeRamus entered an order allowing the Estate's motion to continue, and setting the Estate's motion to compel discovery for hearing on 25 June 1990 before Judge Rousseau. In light of the granting of

its continuance, the Estate agreed to withdraw its *subpoena duces tecum*.

At the June 25th hearing of its motion to compel discovery, the Estate explained to Judge Rousseau that the reasons for its discovery requests were threefold: (1) To uncover the factual basis underlying the petition for attorney's fees; (2) To uncover the factual basis for the descriptive entries, time estimates and hourly fees shown on the statement for professional services which was attached to the petition; and (3) To uncover the factual basis for the contention that Tucci's dissent had "substantial merit."

Judge Rousseau concluded that the issues of whether Tucci's dissent had substantial merit and whether his attorney's fees were reasonable were to be decided solely upon the existing record of the case and upon affidavits relating to the reasonableness of attorney's fees. Over the Estate's objection, Judge Rousseau also set a hearing on the merits of the Estate's appeal for 29 June 1990. Judge Rousseau's written order was entered 29 June 1990.

Prior to the hearing on the Estate's appeal, counsel for the Estate offered to settle Tucci's petition for attorney's fees by letter dated 26 June 1990. The terms of the offer were that in exchange for Tucci's withdrawing and dismissing his petition for attorney's fees and his filing of a statement that the Clerk's order had been satisfied, the Estate would purchase a house in which both Tucci and his minor son could live and would dismiss its appeal of the clerk's order. On 27 June 1990, Tucci's counsel responded to the Estate's offer with a letter indicating that Tucci desired to settle, but that the Harrison firm would no longer represent Tucci.

Tucci's new counsel and the Estate subsequently filed their respective notices of withdrawal and informed Judge Rousseau that because the matter had been resolved, there was no need for a hearing on the Estate's appeal. In spite of these events, Judge Rousseau proceeded to conduct a hearing on 29 June 1990. At the hearing, Judge Rousseau ruled, *ex mero motu*, that the documents filed by Tucci and the Estate were ineffective insofar as they attempted to deprive the court of its jurisdiction to review the clerk's order taxing costs against the Estate. Following the hearing, Judge Rousseau entered a written order dated 24 July 1990 which, based upon his findings of fact, concluded that Tucci's dissent had substantial merit, and that attorney's fees in the amount of $128,199.21 (representing the previously awarded amount, less

IN RE ESTATE OF TUCCI

[104 N.C. App. 142 (1991)]

$1,500 which Tucci had paid) were reasonable and should, in the court's discretion, be taxed as costs against the Estate. From Judge Rousseau's 29 June 1990 and 24 July 1990 orders denying the Estate's motion to compel discovery and ordering the payment of attorney's fees, respectively, the Estate now appeals.

---

We note initially that in spite of the fact that Tucci and the Estate purport to have settled their differences, and in spite of the fact that Tucci is no longer represented by attorneys A. Wayland Cooke and Michael C. Landreth of the Harrison firm, Cooke and Landreth have filed a brief opposing the appellant titled "Appellee's Brief." Because the North Carolina Rules of Appellate Procedure generally speak in terms of actions which a "party" to a proceeding must take on appeal, it is implicit that any appellate brief must be filed on behalf of one of those parties.

In the interests of justice, and as a matter of appellate grace, we hereby vary the Rules of Appellate Procedure's implicit requirement that a brief be filed on behalf of a party to a proceeding. Appellate Rule 2 provides:

> To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.

N.C.R. App. P. 2. Rule 28(i) of the Rules of Appellate Procedure allows the filing of an *amicus curiae* brief in response to a request by the appellate court on its own motion. *See* N.C.R. App. P. 28(i). Although this court did not officially request Messrs. Cooke and Landreth to file an *amicus curiae* brief, we nonetheless elect to use N.C.R. App. P. 2 to treat their brief as such. *See State v. Sanderson*, 327 N.C. 397, 404, 394 S.E.2d 803, 807 (1990). We wish to make it clear, however, that but for the extraordinary procedural posture of this case, we would not be inclined to do so. We now turn to address appellant's several assignments of error.

I

[1] In its first assignment of error, the Estate contends that the trial court erred in hearing the merits of the Estate's appeal because

## IN RE ESTATE OF TUCCI

[104 N.C. App. 142 (1991)]

of Tucci's voluntary dismissal of his petition for attorney's fees, Tucci's stipulation that the clerk's order had been satisfied, and the Estate's withdrawal of its appeal. The Estate asserts that each of these acts obviated the need for a hearing on the merits of its appeal. We disagree.

First, a voluntary dismissal under Rule 41 is proper only when made prior to the entry of final judgment. *Wood v. Wood*, 37 N.C. App. 570, 574-75, 246 S.E.2d 549, 552 (1978), *rev'd on other grounds*, 297 N.C. 1, 252 S.E.2d 799 (1979). After final judgment, any correction, modification, amendment, or setting aside of the judgment can be done only by the court. *Id.* at 575, 246 S.E.2d at 552. In the instant case, Tucci's notice of voluntary dismissal came after the clerk entered a final order on Tucci's petition for attorney's fees. Tucci's purported voluntary dismissal of the petition for attorney's fees was, therefore, of no legal efficacy. *See id.*

Second, Tucci did not have the capacity to stipulate that the clerk's order had been satisfied. As noted by our Supreme Court:

There is a clear difference between including attorney's fees in the costs taxed against a party to a lawsuit and in ordering the payment of attorney's fees. When costs are taxed, they establish a liability for payment thereof, and if a fund exists which is the subject matter of the litigation, costs may be ordered paid out of the fund prior to distribution of the balance thereof to the persons entitled. If no such fund exists, the satisfaction of the judgment for costs may be obtained by methods as for the enforcement of any other civil judgment.

*Smith v. Price*, 315 N.C. 523, 538, 340 S.E.2d 408, 417 (1986) (citations omitted).

In contrast, when a court orders the payment of attorney's fees *to an interested party*, the award of attorney's fees becomes an order of the court, rather than a civil judgment, and is enforceable by contempt for disobedience. *Id.*

Here, the Estate was taxed with the payment of Tucci's attorney's fees pursuant to N.C. Gen. Stat. § 6-21(2). As such, the attorney's fees are considered to be an item of costs. Since the clerk's order indicated that the attorney's fees should be paid directly "to the law firm of Harrison, North, Cooke & Landreth," and not to Tucci, it is clear that only the law firm of Harrison, North, Cooke & Landreth could stipulate that the clerk's order had been

IN RE ESTATE OF TUCCI

[104 N.C. App. 142 (1991)]

satisfied. Indeed, since the order for costs, if not paid, can be satisfied by the clerk's issuance of an execution, the Harrison firm would be the proper party to institute proceedings for such an execution. It follows, therefore, that Tucci did not have the capacity to stipulate to the satisfaction of the clerk's order.

Finally, the Estate's withdrawal of its appeal of the clerk's order was also ineffective. It is well established that "[w]hen an appeal has been perfected, [an] appellant cannot withdraw it without first obtaining the consent of the appellate court. That court may allow or deny the motion in the exercise of its sound discretion." *Town of Davidson v. Stough*, 258 N.C. 23, 24, 127 S.E.2d 762, 763 (1962). Since "the act of the clerk in taxing the costs is ministerial and is subject to revision by the trial judge," *Leary v. Nantahala Power and Light Co.*, 76 N.C. App. 165, 179, 332 S.E.2d 703, 717 (1985), we conclude that there was no abuse of discretion in the trial court's refusal to allow the Estate to withdraw its appeal. Appellant's assignment of error on each of the above points is overruled.

II

[2]  Appellant next contends that the trial court committed reversible error in voiding essential terms of the settlement between the Estate and Tucci. The Estate claims that by nullifying the settlement terms, the trial court erroneously interfered with the parties' right to settle their dispute. We disagree.

Neither the Estate nor Tucci filed a settlement agreement with the court. The only documents which were filed were Tucci's voluntary dismissal and stipulation, along with the Estate's withdrawal of its appeal. Since there was no written settlement agreement filed with the court, the trial court could not and did not nullify the terms of their agreement. Instead, the trial court merely ruled that "the 'Notice of Withdrawal of Petition and Satisfaction of the Order', and the 'Notice of Withdrawal of Appeal,' were null and void and of no effect insofar as they attempt[ed] to defeat the attorneys' right to an attorney fee." In sum, the court concluded that the filing of the documents could not deprive it of the authority to order costs paid to the persons entitled thereto. Since N.C. Gen. Stat. § 1-272 gives the superior court jurisdiction to review the clerk's order on appeal, the parties could not, through the terms of their purported settlement agreement, deprive the court

of that jurisdiction. Appellant's assignment of error is without merit and is, therefore, overruled.

## III

In its next assignment of error, appellant contends that the Estate was denied due process of law in several respects:

(1) The Estate was not given notice or an opportunity to be heard at the hearing before the clerk;

(2) There was no motion pending before the court when it abrogated terms of the settlement agreement;

(3) The Estate was denied five days' notice of the hearing on the merits of its appeal, in violation of N.C.R. Civ. P. 6(d);

(4) The Estate was denied the opportunity to conduct discovery; and

(5) By denying the Estate's motion to continue the hearing of the merits of its appeal, the trial court denied the Estate an opportunity to effectively prepare for the hearing.

For the reasons which follow, we find each of these contentions to be without merit.

[3] First, we do not believe that the Estate suffered any prejudice by reason of the *ex parte* hearing before the clerk. When Judge Rousseau conducted a *de novo* review of the clerk's order, the Estate was given not only notice of the proceedings, but also an opportunity to be heard and to present evidence. A party asserting error on appeal must show from the record that the trial court committed error, and that he was prejudiced as a result. *Lawing v. Lawing*, 81 N.C. App. 159, 344 S.E.2d 100 (1986). Because the appellant had an opportunity to oppose the petition for attorney's fees in superior court, we conclude that it was not prejudiced as a result of the entry of the clerk's order.

[4] Second, a motion was not required in order for the court to rule that the parties' settlement could not negate the clerk's order. Since the trial court was free to disallow the Estate's withdrawal of appeal, it necessarily had to consider the impact of the settlement agreement on the proceedings before the court. It is important to keep in mind that the trial court did not alter the settlement agreement as between the parties; rather, the court ruled that regardless of what the parties may have agreed to do

as between themselves, their agreement could not interfere with or vitiate the clerk's order. We conclude that the trial court made a proper ruling on its own motion.

[5] Third, the Estate was not entitled to five days' notice of the hearing on the merits of its appeal pursuant to the provisions of N.C.R. Civ. P. 6(d). Rule 6(d) relates only to the hearing of motions. The hearing of the Estate's appeal of the clerk's order, held on 29 June 1990, was not pursuant to a motion. Moreover, the Estate knew that Judge Rousseau originally intended to hear the merits of its appeal on 25 June 1990. But for Judge DeRamus' granting the Estate's motion for a continuance on 18 June 1990, such hearing would have been held on the 25th. Under the circumstances of this case, the Estate had an adequate opportunity to prepare its case for appeal and was not entitled to five days' notice of the hearing of its appeal.

[6] Fourth, the trial court was not required to grant the Estate's motion to compel discovery. "[O]rders regarding matters of discovery are within the trial court's discretion and are reviewable only for abuse of that discretion." *Weaver v. Weaver*, 88 N.C. App. 634, 638, 364 S.E.2d 706, 709, *disc. rev. denied*, 322 N.C. 330, 368 S.E.2d 875 (1988).

The evidence in this case indicates that the facts underlying the petition for attorney's fees, the descriptive entries, time estimates and hourly fees shown on the statement for professional services rendered, and the contention that Tucci's dissent had substantial merit were already available or could have been made available during the hearing through affidavits and statements of counsel. The affidavits filed by attorneys Cooke and Landreth, together with the existing record in the case, provided sufficient information from which the trial court could make a sound determination regarding attorney's fees. We conclude that the trial court properly exercised its discretion in denying the appellant's motion to compel discovery.

[7] Finally, the Estate contends that the trial court erred in denying its motion to continue the hearing of the Estate's appeal beyond 29 June 1990. The refusal of a continuance is also within the sound discretion of the trial court. *Freeman v. Monroe*, 92 N.C. App. 99, 373 S.E.2d 443 (1988). We agree with the statement in the trial court's order of 29 June 1990 that the instant case "has been a protracted one and should be disposed of as soon as practically

## IN RE ESTATE OF TUCCI
[104 N.C. App. 142 (1991)]

possible, upon adequate notice to all the parties." This appeal arises out of dissent proceedings instituted more than five years ago. The issues which were before the trial court were relatively simple, and we conclude that there was no abuse of discretion in the denial of the Estate's motion to continue.

## IV

[8] In its next assignment of error, the Estate contends that the trial court erred in concluding that attorney's fees could properly be taxed in dissent proceedings, that Tucci's dissent had substantial merit, and that the attorney's fees were reasonable in amount.

The relevant statute, N.C. Gen. Stat. § 6-21, provides,

> Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court:
>
> . . . .
>
> (2) Caveats to wills and any action or proceeding which may require the construction of any will or trust agreement, or fix the rights and duties of parties thereunder; provided, that in any caveat proceeding under this subdivision, the court shall allow attorneys' fees for the attorneys of the caveators only if it finds that the proceeding has substantial merit.

N.C. Gen. Stat. § 6-21(2) (1986).

Appellant's first argument is entirely without merit. Our Supreme Court squarely addressed this issue with the following statement:

> Where a surviving spouse is forced to engage in litigation to determine whether a right of dissent exists, we hold that the discretionary power given the trial judge under G.S. 6-21(2) includes the power to award attorneys' fees for the surviving spouse when, in the opinion of the trial court, the proceeding was one with substantial merit.

*In re Kirkman*, 302 N.C. 164, 169, 273 S.E.2d 712, 716 (1981). Thus, as long as a dissent has substantial merit, the court may exercise its discretion in awarding reasonable attorney's fees.

Upon careful review of the record in this case, we are also of the opinion that Tucci's dissent indeed had substantial merit.

The substantial merit requirement does not mean success on the merits; in its sound discretion, the trial court may award attorney's fees even to unsuccessful caveators. *See In re Will of Ridge*, 47 N.C. App. 183, 266 S.E.2d 766 (1980), *rev'd on other grounds*, 302 N.C. 375, 275 S.E.2d 424 (1981). In the underlying dissent, Mr. Tucci contended that a reconciliation between him and his wife following their separation manifested an intent to rescind their separation agreement. The Clerk of Superior Court agreed that the separation agreement had been rescinded and concluded that the provisions of the agreement which were executory at the time of the Tuccis' reconciliation, of which Mr. Tucci agreed to relinquish the statutory right to dissent, were terminated upon reconciliation. As a result, the clerk determined that Mr. Tucci had regained his statutory right to dissent. The Estate appealed the clerk's decision to the superior court, which held that the clerk's findings of fact were supported by competent evidence and supported the conclusions of law.

The Estate then appealed the superior court's decisions to this court. In an opinion authored by Judge Greene and reported at 94 N.C. App. 428, 380 S.E.2d 782 (1989), a majority of the panel stated that because the statutory right to dissent was a property right, reconciliation between Mr. Tucci and his wife would rescind Mr. Tucci's agreement to release that right only if the Tuccis' continued separation was a part of the consideration for, or was an implied condition of, Mr. Tucci's agreement to release the right. The court also noted that if the continued separation of the Tuccis was not a part of the consideration for Mr. Tucci's agreement to release his right to dissent, it was immaterial whether Mr. Tucci's release was executory at the time of the Tuccis' reconciliation. Upon concluding that the Tuccis' continued separation was not consideration for Mr. Tucci's release of the right to dissent, the majority held that Mr. Tucci's statutory right of dissent was barred by their separation agreement. In a *per curiam* opinion, the Supreme Court affirmed the decision the Court of Appeals. 326 N.C. 359, 388 S.E.2d 768, *reh'g denied*, 326 N.C. 602, 393 S.E.2d 879 (1990).

Judge Eagles filed a dissenting opinion in *Tucci*. He disagreed with the majority's conclusion that Mr. Tucci's release was a part of a property settlement. Judge Eagles was of the opinion that Mr. Tucci's release was part and parcel of a "pure" separation agreement. As such, he would have concluded that the executory

nature of Mr. Tucci's release required a finding that the Tuccis' reconciliation rescinded the release provision.

In *Stegall v. Stegall*, 100 N.C. App. 398, 397 S.E.2d 306 (1990), *disc. rev. denied*, 328 N.C. 274, 400 S.E.2d 461 (1991), a unanimous Court of Appeals criticized the *Tucci* Court for making a distinction between the property provisions of a separation agreement and the rest of the agreement, and for disregarding the executory nature of Tucci's agreement to release his right of dissent.

Mr. Tucci obviously advanced a good faith legal argument which has led to considerable disagreement. Since substantial merit under N.C. Gen. Stat. § 6-21(2) does not require success on the merits, we conclude that the trial court did not abuse its discretion in awarding attorney's fees.

[9] We next consider the Estate's contention that the attorney's fees awarded by the trial court were unreasonable. In this regard, the Estate contends that there was no proof of the actual work performed, and that a contingency fee agreement between Tucci and his attorneys should have barred the award of attorney's fees.

An award of attorney's fees must be supported by evidence and findings of fact showing the reasonableness of the award. *Barker v. Agee*, 93 N.C. App. 537, 378 S.E.2d 566 (1989), *aff'd in part, rev'd in part*, 326 N.C. 470, 389 S.E.2d 803 (1990). In the instant case, Tucci's attorneys filed detailed, itemized statements showing the hours which they expended on Tucci's dissent, including summary descriptions of the actual work performed. Along with these itemized statements, Tucci's attorneys filed sworn affidavits, attesting to the accuracy of the entries contained on the statements. Finally, four attorneys practicing in the same area as Tucci's attorneys supplied affidavits which attested to the reasonableness of Tucci's attorney's hourly fees. We would also note that counsel for the Estate did not dispute that their firm had billed the Estate over $287,000. We conclude that there was ample proof of the actual work performed by Tucci's attorneys.

The presence of Tucci's contingency fee arrangement with his attorneys does not prevent the discretionary award of statutory attorney's fees. *Epps v. Ewers*, 90 N.C. App. 597, 369 S.E.2d 104 (1988). While a trial court may consider the customary fee for similar work and whether the fee is fixed or contingent, a contingent fee contract does not control the trial court's determination.

**IN RE ESTATE OF TUCCI**

[104 N.C. App. 142 (1991)]

*Id.* at 600, 369 S.E.2d at 105. Attorney's fees under N.C. Gen. Stat. § 6-21(2) are discretionary. In the instant case, the trial court made findings of fact as to the reasonable amount of time required for Tucci's attorney's services and the reasonableness of the hourly rates. We conclude that due to the complex nature of the services provided by Tucci's attorneys and due to the amount of time expended, the trial court's award of attorney's fees in this case was proper. *See Barker,* 93 N.C. App. at 544, 378 S.E.2d at 571.

V

**[10]** In its final assignment of error, appellant contends that its right to due process of law was violated by the trial court's refusal to allow it to present evidence during the hearing of its appeal. This assignment of error is without merit.

Indeed, the Estate failed to avail itself of its opportunity to present evidence. During the hearing on 25 June 1990, Judge Rousseau made the following statement to counsel for the Estate:

[I]f you have some witnesses, I'll let you stand up and state for the record, to make a showing for the record what they would say if they were here.

Not only did the Estate fail to make a showing at the 29 June 1990 hearing, but it also failed to offer any affidavit or evidence to contradict the affidavits supplied by Tucci's attorneys. We hold that the Estate was given an ample opportunity to present its side of the case. Appellant's assignment of error, therefore, is overruled.

We have examined appellant's remaining assignments of error and find them to be without merit. For the reasons discussed above, the order of the superior court taxing attorney's fees against the Estate as costs is,

Affirmed.

Judges ARNOLD and JOHNSON concur.